LINNINGDALE
v.
LIVINGSTON.

Where a
plaintiff de-
clares on a
special agree-
ment, and al-
so on the *com-
mon counts*, he
may, at the
trial, waive
the special a-
greement and
proceed on
the common
counts; and
where the evi-
dence is suffi-
cient to sup-
port the gene-
ral count, sup-
posing he had
not declared
on a special a-
greement, the
plaintiff is en-
titled to reco-
ver on such
general count,
without any
attempt to
prove the
agreement.
*It seems*, that
the defendant
may, in such
case, give the
special agree-
ment in evi-
dence, in or-
der to lessen
the *quantum*
of damages;
but if offered
merely to de-
feat the action,
by showing a
failure of per-
formance on
the part of the
plaintiff, it is
immaterial,
and may be
rejected.

## LINNINGDALE *against* LIVINGSTON.

THIS was an action of *assumpsit*. The first count in the de-
claration was on a written agreement, dated the 3d *May*, 1807, by
which the plaintiff promised, and bound himself, to deliver to the
defendant, on or before the 1st *May*, then next, 130 logs of yellow
pine, straight and fit for boring, &c. and that the plaintiff should
find a person to bore the logs, &c. and to lay them, for the sum of
87 1-2 cents per rod, &c. and also to deliver 4 large logs for
troughs, at the same time, &c. And the defendant promised to
pay the plaintiff on the delivery of the logs, at the landing place of
the defendant, 250 dollars, and 75 dollars more when they should be
bored and laid, &c. and 87 1-2 cents per rod, &c. The plaintiff
averred a delivery of the logs, and a readiness to perform on his
part, and a non-performance of the contract on the part of the de-
fendant. There were two other counts on a *parol* agreement of
the same import, and the common counts for goods sold and de-
livered, money paid, &c. The defendant pleaded *non assumpsit*,
with notice of a *set-off*.

At the trial it was proved, that the agent of the defendant gave
the plaintiff a receipt, dated the 12th *June*, 1807, for 130 logs de-
livered by the plaintiff; and the agent stated that he understood
from the parties that the price of the logs was 2 dollars and 50 cents
a piece. That the plaintiff said, by his agreement, he was to lay
the logs immediately, and that he would send workmen and have it
done in 20 days. The plaintiff, however, did not send the workmen
until late in the autumn, when the defendant was going to town,
where he resides in winter, and he then refused to let the plaintiff
lay the logs, as it was not a proper time, nor according to the agree-
ment. About a year afterwards, the defendant used some of the logs
in making docks; and about three years after, he used the others
in laying a water-course. The plaintiff's counsel declared that he
did not proceed on the written agreement; but on the general
counts in the declaration, and having proved the delivery and
price of the logs, he rested the cause, contending he had pro-
duced evidence sufficient to entitle the plaintiff to recover; and
it was so ruled by the judge.

The defendant then offered to give the written agreement in
evidence, and to prove that the plaintiff had failed to perform the

contract on his part; and contended, that this action was not sus-  ALBANY, tainable on the general counts, but the plaintiff should have brought  Jan. 1813. *trover.* The evidence was objected to, and overruled by the judge.  LINNINGDALE It was proved that about 15 or 20 of the logs were used by the  v. LIVINGSTON. defendant, in building the dock, and that 1 dollar and 50 cents was the value of dock logs.

The judge directed the jury, that the plaintiff was entitled to recover for the logs delivered, at the rate of 2 dollars and 50 cents a piece, and the interest on the amount, from the 12th *June,* 1807 ; and the jury found a verdict accordingly.

A motion was made to set aside the verdict, and for a new trial.

*Slosson,* for the defendant.

*Oakley,* contra.

*Per Curiam.* The plaintiff, upon the trial, abandoned the spe-cial agreement, upon which he had declared, and went upon the general *indebitatus assumpsit* for goods sold, by proving the de-livery and acceptance of the logs, and that the special agreement was no longer subsisting and in force, but had been *put an end to* by the refusal of the defendant to permit the logs to be laid, and by appropriating them to his own use. This evidence was ac-cordingly admissible; and the cases of *Cooke* v. *Munstone,* (4 *Bos. & Pull.* 351.) and *Tuttle* v. *Mayo,* (7 *Johns. Rep.* 132.) allow the party in such cases to recover on the general counts. It is admitted, in *Bull. N. P.* 139. to be now the rule that, if there be a special agreement, and the work be done, but not in pur-suance of it, the plaintiff may recover upon a *quantum meruit,* for otherwise he would not be able to recover at all. The case of *Harris* v. *Oke* is there cited, in which Lord *Mansfield* ruled at circuit, and with the approbation of Mr. Justice *Wilmot,* that where the evidence would support a general count, supposing no special agreement laid, the plaintiff may recover upon it, though there be a special agreement laid, *whether he attempts to prove it or not.* This decision was cited and sanctioned by the K. B. in *Payne* v. *Bacomb,* (*Doug.* 651.) and by the supreme court of *Massachusetts,* in *Keyes* v. *Stone.* (5 *Tyng,* 391.) A judgment on the general count would, no doubt, be a bar to an action on the agreement. In this case, the plaintiff never could recover for the logs delivered, and which went to the defendant's use, except

ALBANY,
Jan. 1813.

upon the general counts, for the agreement was not carried fully into effect by him, and the performance had become impossible, by the act of the defendant.

But the defendant offered the special agreement in evidence, and it was overruled. It seems to be admitted, in *Bull. N. P.* 139. and with a reference to *Keck's Case*, in 1744, that the defendant might, in such case, give the special agreement in evidence, with a view to lessen the *quantum* of damages. But the defendant here did not offer it with that view, or to throw any new light on the subject, but he offered it for the express purpose of defeating the action altogether, because there was such an agreement, and because the plaintiff had failed in the performance of it. In that view, it was overruled as immaterial, and it was properly overruled. There was no pretence that the agreement in writing differed, in any material respect, from the one declared on and admitted by the plaintiff's testimony. There would be no use then in setting aside the verdict merely to give the defendant an opportunity of producing the written agreement, and the motion for a new trial is accordingly denied.

Motion denied.