HaxoGi, Judge,
 

 delivered the opinion of the Court:
 

 
 *261
 
 ' íí has been objected that parol evidence should not be introduced
 
 to
 
 prove the contents of the bond, because the act of Assembly on this subject declares, “ that on every trial, an obligation for the amount of the money, &c. bet, shall be. produced.” That is true, and the legislature no doubt had it in view to compel parties to produce evidence juf higher dignity, as to racing contracts, than before by the rules of law was requited. But before that act passed, if the sum bet had been secured bjr a written obligation, it was incumbent on the Plaintiff to produce it. In all cases, it is necessary to produce the instrument of writing on which a suit is brought 3 and this can bo dispensed with only, where it appears that the instrument has been lost by accident. In such..: case, the production of it is-impossible, and the Plaintiff may give evidence of its contents. So with respect to the bond in question, the act requires it to be produced 3 but if satisfactory evidence-of- its loss by accident be given, pa-rol evidence of its contents may be received.
 

 It lias been objected that the articles should not be received in evidence, because the contract which they set forth, was made some time prior to the date of the articles. Whilst the contract was iri parol, it was a nullify ; when reduced to writing-, it became such a contract as the act of Assembly required, and it was properly received in evidence.
 

 So far the Superior Court acted correctly3 but it appears from tiie case that the Plaintiff himself was introduced to prove the loss of the obligation. ' It is a very general rule, that a party shall not be a witness in his own case3 and any exception to the rule must be founded in necessity. It is true that the party himself is very frequently the only witness of the loss of a paper, and if there could not be a remedy for him without the aid of Ms own testimony, it ought to be received from the necessity of the case. In answer to this, it may be observed, that in such a case a party has a remedy in the
 
 *262
 
 Court o'' Equity, where he will be at liberty to swear to the loss of the
 
 obligation;
 
 and where the Defendant will also be at liberty to make any answer he pleases, Up0n oath ; and where, if a decree be made for the Com-* plainant, it will be upon condition that heenter into bond to indemnify the Defendant against any demand which may be made against him, in consequence of such lost bond. It seems not to be rigid, that the Plaintiff shall be permitted to become a witness at law, and not the Defendant. Suppose the Plaintiff swears at law that he lias lost the bond j the Defendant will not be permitted to swear that he has paid it, taken it up and destroyed it. The parties ought to stand upon equal grounds. In, Court of Equity, they will both be heard upon oath. The Plaintiff can require no mare, than that he may proceed at law, if he can make out the loss of the bond by disinterested witnesses. If he wishes to become a witness in his own cause, let him bring his suit in Equity. Let a new trial be granted.