The court permitted the plaintiff to give parol evidence to support the second count in his declaration, which was for the sale and delivery of a yoke of oxen, cart, and log-chain, and were the principal subjects of the agreement mentioned in the first count. The plaintiff obtained a verdict (after all the evidence of each party was given in) for $15.
A new trial was moved for because the court had permitted parol evidence to be given without sufficient evidence of the loss of the written agreement, which was overruled and appeal taken to this Court.
We are of opinion that the loss of the written agreement was not sufficiently established to let in the plaintiff to prove the contents of it by parol. This case does not come within that class of cases which authorizes a plaintiff to abandon his count predicated upon a special undertaking which has been reduced to writing, and recover on a quantumvalibat, or any other general count which may be incorporated *Page 320 
in his declaration. Those cases are, where the plaintiff has performed a part of the work or duty which he bound himself by his written agreement to perform, or when it is done not in pursuance (423) of the agreement, and the defendant has had the benefit of the work or other thing thus imperfectly executed. In a case of that kind it is very clear that the plaintiff could not recover on the special contract, because he would be unable to aver and prove performance; and it would be the height of injustice to permit the defendant to derive a benefit from the plaintiff's labor or services without an adequate compensation. Therefore, the law will in such cases permit him to abandon his special agreement and recover upon the other counts in his declaration. 10 Johns., 36.
The case now before the Court stands upon the long established rule that parol evidence cannot be admitted to prove the contents of the written contract unless it shall be clearly made to appear that the written contract is lost by time or accident.
The plaintiff not having shown that the written contract was lost in either of the above ways, he should not have been permitted to prove the same by parol.
New trial.
NOTE. — As to the proof of lost papers other than deeds, seeGarland v. Goodloe, 3 N.C. 351; Cotten v. Beasley, 6 N.C. 259; Governorv. Barkley, 11 N.C. 20; Dumas v. Powell, 14 N.C. 103. As to the lost deeds, see Blanton v. Miller, 2 N.C. 4; Wright v. Boyan, ibid., 178; Parkv. Cochran, ibid., 410; Nicholson v. Hilliard, 6 N.C. 270; Smith v.Wilson, 18 N.C. 40.
Cited: Avery v. Stewart, 134 N.C. 291, 298; Graham v. Ins. Co.,176 N.C. 316.
(424)