OPINION OF THE COURT — by the
Hon. J. BLACK.
With respect to the objection that the defendant had promised to pay a specific price, for the making and building a gin head, there is no doubt that, after the performance of a contract, the plaintiff is not compelled to declare on the special contract, but may rely on the general counts, when a recovery might be had, without the aid of the special count; and the sum specially agreed on may be given in evidence to fix the quantum of damages; 10 John., 36.
But, if a plaintiff elects to proceed on the general counts, they must be etch as will suit the nature of his demand: he cannot, under a count for *471 Work and labor, recover money paid, laid out and expended, and so vice versa.
The plaintiff, in this case, under the counts for work and labor, proved •materials furnished in building the gin head. If he wished to give in evidence the materials furnished, he should have inserted a suitable count in his declaration. Materials furnished cannot be given in evidence under the count for work and labor. There having been a special contract between plaintiff and defendant, by which he was to pay defendant ‡350 for building a gin head, makes no difference.
If the plaintiff had thought proper to declare on the special contract, he might have done so; but plaintiff waiving the special agreement, and going on the consideration, should show a demand, suitable to the nature of the declaration. The court erred in permitting the defendant to give any evidence of materials furnished, under the count for work and labor. An objection was urged on the argument, on the ground that there is no item in the account filed, charging the materials, but determining the case on general principles, independent of the statute, it is not necessary to say whether the general charge “to one gin head,” is sufficient or not.