Jones v. Judd.

JONES and JONES vs. JUDD.

Where by the terms of a contract for work and labor the full price is not to be paid until the work is completed, and a complete performance becomes impossible by act of the law, the contractor may recover for the work actually done at the full prices agreed on.

Thus, where the defendant contracted with the state to construct a section of the Genesee Valley Canal, and made a sub-contract with the plaintiffs for a portion of [412] the work, at so much per yard for excavation and embankment, payable monthly, except ten per cent, which was not to be paid *until the final estimate*, and before the completion of the plaintiffs' job the work was stopped by the state officers, and the original contract terminated by an act of the legislature, *held*, that the plaintiffs were entitled to recover the price agreed on for the work actually done by them.

And *held further*, in affirmance of the judgment of the supreme court, but on an equal division of the judges of this court, that it could not be shown in reduction of the damages, that the work done was less expensive than that which remained to be done when the work was interrupted, although the contract price was uniform for the whole.

Where the completion of a job is arrested by the act or omission of the party for whom the work is done, the contractor has an election to treat the contract as rescinded, and recover on a quantum meruit the *value* of his labor, or he may sue upon the agreement and recover for the work completed at the stipulated price, and for the loss in profits or otherwise sustained by the interruption.

JAMES JONES and Edward Jones sued Judd in the common pleas of Cattaraugus county, for the price of work and labor. The defendant contracted with the state to complete certain sections of the Genesee Valley Canal. On the 14th of September, 1840, he entered into a sub-contract with the plaintiffs for a part of the same work, by which he agreed to pay them seven cents per yard for excavating and eight cents for embankment, monthly, according to the measurement of the engineers, except ten per cent which was not to be paid *until the final estimate*. The work on the canal, including that on which the plaintiffs were engaged, was stopped by the canal commissioners on the 21st day of June, 1841, before they had completed their job, and they never finished it. On the 29th of March, 1842, the legislature passed the act " to preserve the credit of the state,"

which put an end to the original contract between the defendant and the state, and before the commencement of this suit that contract had expired by its own limitation. The defendant paid the plaintiffs for all the work performed by them except the ten per cent reserved, which amounted to $85,30, which sum the plaintiffs claimed to recover.

The defendant moved for a nonsuit on the ground, among others, that without a waiver of full performance of the contract, or without some act of his to prevent the performance, the plaintiffs could not recover. The motion was overruled. [413] The defendant then proved that the work actually done by the plaintiffs under the contract was worth only five cents for embankment and seven cents for excavation. He offered also to prove what the cost of the work not done would be, and that the excavation and embankment not done would be more difficult and expensive than the portion completed. This evidence was objected to and excluded. The referees before whom the trial was had reported in the plaintiffs' favor for the sum claimed. The common pleas confirmed their report, and rendered judgment theron, which was affirmed by the supreme court, on error brought. The defendant appealed to this court.

*M. B. Champlin*, for appellant.

*W. P. Angel*, for respondents.

GARDINER, J. The plaintiffs were stopped in the prosecution of the work, in fulfilment of their contract, by the authority of the state officers. Before this injunction was removed, the law of March 29, 1842, for preserving the credit of the state, was passed, which put an end to the original contract, and the agreement between the plaintiffs and defendant which grew out of it. (3 *Mass. Rep.* 331; *Doughty* v. *Neal*, 1 *Saund. R.* 216, note *b*, 5*th ed.*; 10 *John.* 28.)

As the plaintiffs were prevented, by the authority of the state, from completing their contract, they are entitled to recover for the work performed, at the contract price. The ten per cent

was a part of the price stipulated. It was reserved to secure the fulfilment of the contract, and to be paid upon a *final estimate.* The performance of the required condition became impossible by the act of the law, and of course the plaintiffs were entitled to recover without showing a compliance with the agreement in this particular. (*Comyn on Cont.* 50; 10 *John.* 36.)

Upon the question of damages; I think the offered evidence was properly rejected. If the contract had been performed by the plaintiff, he might have recovered upon the special agreement, [414] or upon the common counts, and in either case he would be entitled to the price fixed by the agreement. (*Phil. Ev.* 109, 2d ed. *Dubois* v. *Del. & H. Canal Co.* 4 *Wend.* 280, *and cases cited.*) If the performance had been arrested by the act or omission of the defendants, the plaintiff would have had his election, to treat the contract as rescinded, and recover on a quantum meruit, the value of his labor, or he might sue upon the agreement, and recover for the work completed according to the contract, and for the loss in profits, or otherwise, which he had sustained by the interruption. (*Linningdale* v. *Livingston,* 10 *John.* 36; 9 *Barn. & Cress.* 145; *Masterton* v. *The Mayor of Brooklyn,* 7 *Hill,* 69, 75.) In this case the performance was forbidden by the state. Neither party was in default. All the work, for which a recovery is sought, was done *under the contract,* which fixed a precise sum to be paid for each yard of earth removed, without regard to the difficulty or expense of the excavation. If the plaintiffs had commenced with the more expensive part of the work, they could not, under the circumstances, have claimed to have been allowed for the profits to arise from that portion which they were prevented from completing. Such an allowance is predicated upon a breach of the contract by the defendant. (7 *Hill,* 71, 73.) The defendants, in the language of Judge Beardsley, " are not by their wrongful act to deprive the plaintiff of the advantage secured by the contract." Here, there was no breach of the agreement by either party. The plaintiffs could not recover profits, and the defendant can not, consequently, recoup them in this action. (*Blanchard* v. *Ely,* 21 *Wend.* 346.)

Again; the plaintiffs assumed the risk of all accidents which

might enhance the expense of the work, while the contract was subsisting. (*Boyle* v. *Canal Co.* 22 *Pick.* 384; *Sherman* v. *Mayor of New-York*, 1 *Comst.* 321;) and is entitled, consequently, to the advantages, if any, resulting from them. The suspension of the work, by state authority, was an accident unexpected by either party. It was one which, under the offer, we are bound to assume, was of benefit to the plaintiffs. But the defendant can not require an abatement from the agreed price, for [415] what has been done, unless he could demand it in case a flood had partially excavated or embanked the section of the canal to be completed by the plaintiffs. The judgment must be affirmed.

JEWETT, HURLBUT and PRATT, Js. concurred.

BRONSON, Ch. J., RUGGLES, HARRIS and TAYLOR, Js. were for reversal, on the ground that the evidence offered upon the question of damages was improperly excluded.

Judgment affirmed.