Dewey, J.
The plaintiff seeks to recover, under a declaration containing the common counts for work and labor done and materials furnished, damages for his services and expenditures in the construction of a dwelling-house on land belonging to the defendants, and which services were performed under a special contract under seal.
The case presented is not one where the stipulations of the plaintiff have been fully performed, and where the party *63 might put Ms case upon the doctrine, that, however special the contract, yet if the terms on Ms part have been fully performed, and nothing remains to be done but the payment of a stipulated sum of money, such payment may be enforced under the general counts.
The plaintiff contends, that' the present case falls within the principle of the cases wherein it has been held, that, for labors and services and materials furmshed under a special contract, and where the party has not fully performed Ms contract in every particular, yet he may recover, so far as the defendant has received and is enjoying the fruits of Ms labors, allowing the defendant, as a set-off, all sums necessary to his complete indemnity for all deficiencies in the work, or failure literally to comply with the terms of the contract.
On the part of the defendants, it is insisted, that this case does not fall within the principle settled in the cases of Hayward v. Leonard, 7 Pick. 181; Smith v. First Congregational Meeting-house in Lowell, 8 Pick. 178; Brewer v. Tyringham, 12 Pick. 547; Snow v. Ware, 13 Met. 42, and cases of like character. It is said, that in these cases the deficiencies, or neglect to fulfil the special contract, were only slight deviations in the manner of performance, or the time of doing the same, but that there was really a substantial performance of the entire contract. TMs may be so, and to this extent, as entire precedents, these cases may differ from the present. But we are to look at the principle. The foundation upon which these cases rest was the necessity of introducing a modification of the doctrine, that a party stipulating to do certain work under a special contract could recover nothing therefor, if the party doing the same had not literally complied with all the minute stipulations of the special contract, although the work and materials were of greater value and benefit to the other party, and were, from the very nature of the case, to accrue solely to his benefit. But these cases were all cases of a deviation from the special contract, and such a departure from it, that the party could not have maintained an action thereon, as he could not have shown a performance on his part, which was required by the terms of the contract
*64 The present case presents these facts: the parties had entered into a special cqntract, under which the plaintiff has rendered the defendants valuable services, and, while engaged in good faith, and with the honest purpose of fulfilling his stipulations and completing the work, the defendants arrested his further progress, and prevented the full substantial performance of the contract; such interference and prevention on the part of the defendants occurring, however, after the expiration of the time stipulated in the special contract as the period for the completion of the work; and the question is, whether this latter fact takes the case out of the rule allowing a recovery on the common counts, to such extent as the defendant is really benefited by the services rendered, after making all proper deductions, although the work was not done strictly according to the terms of the contract.
That the fact, that the party had not completed the work within the time stipulated, would not necessarily bar a recovery upon the common counts for the actual benefits received therefrom by the defendant, if the work had been afterwards fully completed, will be conceded. But it is insisted, that, if there has been such failure in point of time, and the other party thereupon forbids further prosecution of the work, and, by reason of this, it is left unfinished, and the contract not substantially performed, the plaintiff cannot resort to his action on the common counts for what he has done, however honestly he may have intended to perform his whole contract.
If the position taken by the defendants is sustained, then it must follow, that, if there be any failure, however slight, to perform all the stipulations of the contract, and although such omissions or deficiencies are by no means incompatible with the substantial performance of the contract, yet the party performing the work may always be barred from recovery in any form, by the intervention of the other party before the substantial completion of the work, and his forbidding and preventing the finishing the work stipulated to be constructed. In the case supposed, it is quite obvious that the party who had performed the services and furnished the materials could *65 not resort to an action on the special contract, because of his inability to aver performance on his part in every particular. If he can also be successfully met in an action on the general counts, by the defence that the work is not substantially finished, then he is entirely remediless, and wholly at the mercy of his employer, if such employer elects, at any time before the finishing the work substantially, to interfere and prevent its completion, upon the occurrence of any failure on the part of the builder to conform to the terms of the contract.
In the present case, much progress had been made in the work, and it was rapidly approaching to its completion, when the defendants interfered. But for that interference, so far as appears, no other material deviation from the contract would have occurred except the failure in point of time, which, as already remarked, would not have defeated the plaintiff’s right of recovery on the common counts.
The cases of Linningdale v. Livingston, 10 Johns. 36, and Raymond v. Bearnard, 12 Johns. 274, cited by the plaintiff, tend strongly to maintain the position, that the conduct of the defendants, in interfering and preventing the completion of the work, when the plaintiff was, in good faith and with proper means, prosecuting the same to a speedy termination, was a rescinding of the contract. But, if it be doubtful whether these acts of the defendants amounted to a rescinding of the special contract on their part, we are of opinion that it was, at least, such an act as will estop the defendants from interposing the objection that the work is not substantially completed, and thereby prevent a recovery on the common counts, which the plaintiff would otherwise have been entitled to. The defendants might well have insisted, that the plaintiff should finish the building, before he was entitled to recover on the common counts, but they voluntarily waived that right, by forbidding the plaintiff to proceed to complete the same. It is no sufficient answer for the defendants, when called upon to make a proper compensation for these services and the materials found by the plaintiff, that the plaintiff had not finished the work within the precise time stipulated, and *66 they cannot avail themselves of this to justify a prevention of the substantial completion of the building, and subsequently, upon the plaintiff’s yielding to this requirement of the defendants to proceed no further with the work, urge the fact that the work was not substantially completed, to prevent any recovery by the plaintiff on the common counts.
If it be said, that the defendants have the legal right to interpose and forbid the plaintiff from proceeding further in the work, after the expiration of the time in which he had stipulated to complete it, it may be conceded that they had such right, but, if exercised, it may have its effect upon the relation of the parties, and upon any right to object that the plaintiff has left the work unfinished. Had they not thus interposed, they might have made the objection; but, having done so, they have thereby estopped themselves from setting up the objection to a recovery on the common counts, that the building was not satisfactorily completed.
There are other peculiar circumstances in the present case, which strengthen the case of the plaintiff in an equitable view. The original time stipulated for the completion of the work was the 1st of April; but this was rendered impracticable, by reason of the failure, on the part of the defendants, to have the foundation for the same ready at the proper time. The parties, by mutual consent, then extended the time for finishing the work to the 20th of June. A suitable number of hands was employed by the plaintiff in the prosecution of the work, and the same was rapidly approaching to its completion, when the work was arrested by the peremptory order of the defendants. The case is free from all objections of voluntary or wilful abandonment of the work, or designed neglect to conform to the terms of the special contract.
The case, in the opinion of the court, is one where the plaintiff may maintain his action upon the general counts, giving the defendants the benefit, by way of set-off, or in diminution of damages, of the stipulations in the contract, and a remuneration for all omissions on the part of the plaintiff to comply with the same..
The particular provision in the special contract, that a part *67 of the payment for the services of the plaintiff was to be made by a conveyance to the plaintiff of a certain parcel of land, certainly presents some difficulty in the matter of maintaining this action upon the common counts. It would have been more objectionable, and perhaps fatal, to a recovery on the general counts, if the special contract had been fully performed by the plaintiff, and no act had taken place on the part of the defendants, interfering with the work.
This objection is, however, much weakened by the fact, that it is a ease where the special contract was not performed, and its completion was prevented by the act of the defendants.
The application of the principle contended for by the defendants would Obviously work great injustice, if so applied io all cases where part of the stipulated payment was to be made in something other than money. Take the case of a mere omission of completing the work in the time stipulated in the contract, and where there was no prohibition of continuing the work, and the same was, at some short period after, completed. Here, the special contract could not be enforced, because the same was not precisely performed on the part of the plaintiff, and his only remedy must be the resort to the common counts; and if the fact, that the original contract was to make the payment in part by a conveyance of land, deprives the party of recovery in this form, he would seem to be remediless.
It seems necessary, therefore, that, without reference to the stipulated mode of payment, where the special contract has not been performed, and the omission so to do, on the part of the plaintiff, has occurred under such circumstances as will justify a recovery at all, resort may be had to the common counts.
But, in estimating the sum to be paid by the defendants, if part payment was to be made in real estate, or any specific article of property, the sum to be allowed as damages should not exceed the actual value of the land, or other property stipulated to be secured in payment, which may be less than the sum at which it may have been estimated in the proposi *68 tion of the owner, when offering to convey the same as part of the payment for the work. The facts stated in the present case show, that the plaintiff offered to accept a deed of the land as part payment for the same, and in the manner stipu* lated in the contract, bnt the defendants refused to make such conveyance; had they done so, they would have secured to themselves the full benefit of a payment in land, agreeable to the terms of the contract. Under the circumstances, and it not appearing that the land was over-estimated, the fact that the payment was in part to be made by conveying certain real estate, should not preclude the plaintiff from recovering on the common counts.
We think, as the parties had fixed a certain time for payment, namely, thirty days from the time when the building should be completed, and the auditor has reported the time when the work might have been completed, but for the interference of the defendants, that, agreeable to his report, there may be allowed, as damages, interest after thirty days from that time, upon such sum as was due to the plaintiff.
The order drawn in favor of G. N. Black and Company, for the sum of nine hundred dollars, was properly disallowed as a part of the credit of the defendants. It was accepted only conditionally, and has not been paid by the defendants, nor does it appear that they are liable therefor, but, on the contrary, the same is surrendered and placed on the files of the court, for the defendants’ use.
The result is, therefore, that judgment will now be entered for the plaintiff, agreeably to the report of the auditor.

Judgment for the plaintiff.