## SUPREME COURT.

EDWARD DRAKE, plaintiff and claimant, agt. BRYON O'DON-
NELL, owner, and JOHN O'BRIEN, contractor, defendants.

*Mechanics' Lien foreclosed in the city of Syracuse.*

Where it appeared from the findings of the jury that the sum due the
plaintiff, claimant, was less than the balance between the payments made
by the owner to the contractor, and the amount earned by the contractor,
the plaintiff was entitled to receive out of that sum the amount of his
lien as claimed.

Where the jury found that the contractor was prevented from completing
the contract by the act of the owner, the latter not being in a situation
to insist upon the strict and literal terms of the contract, the result of
such finding did not affect the claim of the plaintiff unfavorably.

THIS action was brought to foreclose a mechanics' lien upon
a house and lot in the city of Syracuse. The plaintiff fur-
nished materials to John O'Brien who used them in the erec-
tion of a house belonging to the defendant O'Donnell, under
a contract with him. The cause was tried in February, 1875,
at the Onondaga circuit, before Hon. GEORGE A. HARDIN
and a jury. The parties agreed upon the trial that special
findings should be made by the jury, and that a motion for
judgment should be made thereon at special term. The jury
returned the following answers to the questions submitted to
them:

First. Had the contract between O'Brien and O'Donnell
been completed at the time that notice of the filing of the
lien was served upon O'Donnell, January 27th, 1874?
Answer. No.

Second. Had O'Donnell refused to suffer the contractor,

O'Brien, to complete the contract prior to the service of said notice? Answer. No.

Third. Was O'Brien, the contractor, prevented from completing the contract by any act of O'Donnell? Answer. Yes.

Fourth. What amount was earned upon the contract before the 27th day of January, 1874? Answer. $1,250.

We further find the amount and value of the materials and labor furnished and performed by the plaintiff upon the building in question to be $184.11.

Upon these findings each party moved for judgment. The defendant O'Brien did not answer.

*Fuller & Vann*, for plaintiff.

*Keeler & Clifford*, for defendant O'Donnell.

HARDIN, *J.* — The contract-price for building a house for O'Donnell was $1,480, and the proofs show that payments were made to the carpenter, in amount $1,050. The finding of the jury to the fourth question shows that $1,250 had been earned before the plaintiff's lien had been filed. If the payments then made of $1,050 are deducted from the amount earned, a balance of $200 is found. The learned counsel for the defendant is entirely correct in saying that it must appear there was actually due and owing from the owner, to the original contractor, upon his contract, a greater sum than the amount of the lien claimed (*Smith* agt. *Coe*, 2 *Hilt.*, 365; *Lumbard* agt. *Syracuse & B. R. R. Co.*, 55 *N. Y.*, 491).

If the $200 before stated is the sum correctly due upon all the facts of the case and the findings of the jury, from O'Donnell to the carpenter, then the plaintiff is entitled to receive out of that sum $184.11, the amount the jury have found as the measure of the plaintiff's lien.

It is apparent from the findings of the jury that the sum due the plaintiff is less than the balance between the payments and the amount earned.

Drake agt. O'Donnell.

The question of law that arises upon the findings is: What effect should be given to the third finding of fact?

The jury say the carpenter was prevented from completing the contract by the act of O'Donnell.

Assuming that such act was committed, and that it had the effect to prevent the carpenter from completing his contract, it would seem to be equitable that the defendant should pay what had actually been earned by the carpenter when he was prevented from carrying out the literal terms of his contract.

If the omission to complete had been *voluntary* on the part of the carpenter, not caused by the act of the owner, then the carpenter could not recover (*Jennings* agt. *Camp*, 13 *Johns.*, 95; 2 *S. C., N. Y.*, 366; 12 *Johns.*, 274).

If the dereliction on the part of the carpenter was *found* to be free of the act of O'Donnell causing it, then the carpenter would not be entitled to recover (10 *Johns.*, 36 *and* 13 *Johns. R.*, 96).

Giving full effect to the third finding, the carpenter seems to be excused; or, in other words, the effect of the finding is that the owner, O'Donnell, was not in a situation, in the judgment of the jury, to insist upon the strict and literal terms of the contract.

This finding and the view of the case expressed above lead to a result favorable to the plaintiff to the extent of his claim, viz., $184.11.

Judgment is accordingly so ordered, upon condition that the plaintiff serve a copy hereof before entry of judgment upon the attorney for the defendant O'Donnell.