# CASES

## ARGUED AND DETERMINED

### IN THE

# ST. LOUIS COURT OF APPEALS.

## MARCH TERM, 1876.

---

RICHARD F. PARK, Respondent, v. SOLOMON G. KITCHEN, Appellant.

### March 7, 1876.

1. This court will not set aside the finding of a referee as against the evidence, where there is any evidence to support the finding.

2. Where one having a contract to perform certain work is forbidden to proceed with it by the other contracting party, such a refusal to permit the work to proceed is equivalent to a performance, for the purpose of maintaining an action; and, where the work is thus stopped almost as soon as performance is commenced, the measure of damages is the profit which plaintiff can show, by definite testimony, he would have made if allowed to complete the job—that is, the difference between the contract price and what it would have cost plaintiff to complete the building.

APPEAL from St. Louis Circuit Court.

*Affirmed.*

*Pope & McGinnis*, for appellant, cited: 1 Pars. on Con. (5th ed.) 475; 2 Woodb. & M. 359; 1 Pars. on Con. (5th ed.) 494; Erwin v. Bank of Kentucky, 5 La. 4; Fitzgerald v. Hayward, 50 Mo. 516.

*Leonard Wilcox*, for respondent, cited: Scrugham v. Wood, 15 Wend. 546; Blanchard v. Blackstone, 102 Mass. 347; Verplanck v. Sterry, 12 Johns. 546; Baldwin v. Chouteau Ins. Co., 56 Mo. 153; Sedg. on Dam. (6th ed.) 75,

*et seq.;* **3** Pars. on Con. (5th ed.) 184, note *y;* Fitzgerald
*v.* Hayward, 50 Mo. 517; Myers *v.* N. Y. & R. Co.,.
2 Curt. 38; Hughs *v.* Hood, 2 Curt. 352; Waters *v..*
Tower, 20 Eng. Law '& 'Eq. 410; Sedg. on Dam. (6th
ed.) 79.

BAKEWELL, J., delivered the opinion of the court.

This case was tried before a referee. We are asked by
the appellant to reverse the judgment of the court below
on two grounds :

1. That the finding of the referee is not supported by the
evidence ; and,

2. That the rule assumed by the referee, for the measure
of damages, is incorrect.

These two points alone are insisted upon in the written.
argument and brief submitted by appellant, and the numer-
ous exceptions to the referee's report may all be classed
under one or other of these heads.

The referee was the sole judge of the weight of the evi-
dence, subject to review by the trial court alone. It was
no error of law for the court below to refuse to set aside
the finding of the referee if there was any evidence to sup-
port it. We have carefully read the evidence, and are quite
clear that there is evidence of every fact found by the
referee, and evidence to support the verdict and judgment.
It would, therefore, be against the well-settled law for
appellate tribunals in this State for us to interfere unless
some error of law were shown in the proceedings ; and this.
brings us to the next question.

It is true that a simple breach of the contract on the part
of the defendant, such as non-payment of dues earned,
would not authorize plaintiff to stop work, and then recover
for unperformed work. *Fitzgerald* v. *Hayward,* 50 Mo.
But when, as in this case, defendant refuses to permit a
performance on the part of the plaintiff, such a refusal is
taken as equivalent to a performance, for the purpose of
maintaining this action ; and the contract price of the ser

vices or work is the measure of the recovery of plaintiff, unless it appears that the damages sustained were really less. *Pond* v. *Wyman* is the leading case in Missouri on this point; it has been followed ever since. 15 Mo. 183. The rule will be modified somewhat by the circumstances of each case, as to the exact measure of damages; and, when a contract is let out at lower terms than would be reasonable for portions of the work taken alone, the plaintiff, if prevented from completing his work by defendant, may recover on a *quantum meruit*, and the contract price will no longer govern. In a case like the one at bar, where the work is stopped almost as soon as performance is commenced, and where plaintiff has done little more than let out his sub-contract, the proper measure is the profit which plaintiff can show (not by guess-work, but by positive and definite testimony) he would have made had he been allowed to complete the job—that is, in effect, the contract price less what it would have cost the plaintiff to complete the work. These two essential elements—the contract price and the actual cost at which the building would have been completed by plaintiff—are both shown in this case by very clear, definite, and positive testimony, and no room is left for speculation.

The referee finds, as a matter of law, that the plaintiff is entitled to have judgment for the difference between the sum which he was by contract to receive for building the defendant's house and the sum which it would have cost him to build it at the time when it was under contract to be built; and finds for the plaintiff in the sum of $672.54.

The measure of damages in this case is correctly stated by the referee. There appearing no error on the record, the judgment of the Circuit Court will be affirmed. The other judges concur.