Basil Duke et al., Appellants, *v.* Asa Harper et al., Respondents.

February 3, 1880.

Where an attorney is employed to recover certain lands, under an agreement that in the event of success he is to receive one-fourth of the lands recovered, and, without his knowledge, his client compromises the suit for a sum bearing no proportion to the value of the land which, in the event of success, would have been recovered, he is not bound to accept one-fourth of the sum received in compromise, but may recover the reasonable value of the services rendered up to the date of the compromise.

Appeal from the St. Louis Circuit Court.
*Reversed and remanded.*

THOROUGHMAN & WARREN, for the appellants : Construction of contracts. — 2 Pars. on Con. 498 ; 1 Story on Con., sects. 774, 817 ; Smith on Con. 508 ; Metc. on Con. 275. The action is for damages sustained by the wrongful prevention by the defendants of performance of the contract on the part of the plaintiffs ; and the measure of damages is the loss actually sustained. — Sedgw. on Dam., top p. 103 ; *White* v. *Mann*, 26 Mo. 361 ; *Peters* v. *Opie*, 1 Vt. 177 ; *Bagley* v. *Smith*, 10 N. Y. 489 ; *Allison* v. *Chandler*, 11 Mich. 542 ; *Park* v. *Kitchen*, 1 Mo. App. 357 ; *Lewis* v. *Atlas Mutual Life Ins. Co.*, 61 Mo. 534 ; 2 Story on Con. (5th ed.), sect. 1335.

MARTIN & LACKLAND, for the respondents : An attorney has no right to compromise or dismiss the cause of his client. — *Walden* v. *Bolton*, 55 Mo. 405 ; *Spear* v. *Ledergerber*, 56 Mo. 465 ; *Semple* v. *Alkemann*, 64 Mo. 504. That right belongs exclusively to the client.

HAYDEN, J., delivered the opinion of the court.

The petition states that the plaintiffs, who were practising lawyers, entered into a contract with the defendants for the recovery of certain real and personal property claimed by the latter. One Eliza Haycraft left by will real and personal estate which she devised and bequeathed to her brother and sisters. In her lifetime she had made deeds of certain property, and after her death these were put upon record by the grantees, who claimed this property adversely to the devisees under the will. The written contract sued on recited these facts, and also that the parties of the first part, defendants here, desired to retain the services of the plaintiffs, of the second part, in the prosecution of the necessary legal proceedings for the recovery of the property covered by the deeds, and other property which one of the grantees, the executor of the estate of Madame Haycraft, had failed to inventory or report. The contract continues : —

"And whereas, further, the said parties of the first part

desire to make the compensation to be paid by them to said parties of the second part for their said services wholly conditional and dependent alone upon success, although the parties of the second part have fully acquainted them, the the said parties of the first part, with the facts and circumstances going to prove that said deeds are fictitious and fraudulent, and never in point of fact executed or delivered by the said Eliza Haycraft, and that it is the confident opinion of them, the said parties of the second part, that all the property covered by said deeds can and may be recovered at law against the claimants under said deeds, and that any property belonging to said estate which the executor has not inventoried may likewise be recovered :

" Now, therefore, in consideration of the services hereinafter mentioned, to be performed by the parties of the second part, the said parties of the first part hereby contract and agree that they will convey, assign, transfer, pay, and deliver to the said parties of the second part the one-fourth part of their several shares of so much of the property (whether real or personal) mentioned in the premises as may be recovered, whether the same be recovered by suit, compromise, or otherwise, and that they, the said parties of the first part, will make all such deeds, conveyances, and assurances as may be necessary or proper for the conveyance and assurance to said parties of the second part of the interests and shares which it is hereby agreed they shall have. And the parties of the first part further agree that the parties of the second part shall be exclusive judges of what suits and proceedings are necessary or proper for the recovery of the rights of the parties of the first part in the premises."

The plaintiffs, on their part, agree to prosecute such suits and proceedings as they may deem fit to secure the rights of the defendants in the property in question, to a final determination, " for the compensation so as aforesaid agreed to be paid to them, and that in case nothing is recovered by

such suits or proceedings, or by compromise, they will charge nothing for their said services."

It appeared in evidence that under this contract the plaintiffs had proceeded to conduct the litigation and had rendered services in the prosecution of suits contemplated by the contract, which services were reasonably worth about $6,000 ; that the real estate involved in the suits was worth some $60,000, and that the interests of the defendants, as they would have been in the event of success in the suits, were worth $36,000. It appeared that the defendants had, without the knowledge or consent of their attorneys, the plaintiffs, compromised the suits and put an end to the litigation ; and the plaintiffs offered in evidence three deeds, executed by all the defendants to the adverse claimants, the grantees of Madame Haycraft, conveying the real estate, the consideration-money, as expressed in these deeds, amounting to $225. The court below ruled, first, that the plaintiffs could recover only one-fourth of the $225 expressed as the consideration in the deeds ; second, that on a *quantum meruerunt*, the amount fixed by the contract limited the recovery. There was judgment for the plaintiffs for $69.85, and they appealed.

It is, we think, clear that the contract will not bear the construction put upon it by the trial court. Violence cannot be done to the contract as a whole in order to give effect, especially a strained effect, to a few words. As the contract recites, it was the defendants who were anxious to make this contingent arrangement. In spite of the opinion of the plaintiffs, thus frankly recited, that these litigants would win, in order to secure the benefit of contingently paying nothing, the defendants make this special contract. The consideration which induces the plaintiffs to make such an agreement is obviously the recited probability of success ; at least, it is a consideration shown by the contract, and on which the plaintiffs have a right to insist. But of this consideration the plaintiffs are deprived by the unanticipated

act of the defendants. in settling the controversy. There is no ·pertinency in the recital of the confidence in success, except to show the insistence of the defendants on paying nothing in case of ill-fortune. They were unwilling to risk anything, and this was the basis of the contract. The plaintiffs assented to this, and agreed to take the chances of litigation. How, then, can they now be called upon to take other risks : those .arising from the deliberate act of the defendants, and in no way connected with the chances they had bargained for — the risks of litigation?

Here is a written contract of the parties, made with a view to contingencies not in the control of either. The defendants deliberately depart from it, and voluntarily interpose a factor which is decisive of the result. This the law does not forbid them to do. They are the principals, and may compromise the litigation. No interest of the attorneys in protracting controversies can prevent the parties from putting an end to suits, the cessation of which, as speedily as may be, .the law favors. But while they may compromise, the defendants must take the. consequences of their action. They make a specific contract, and choose to go outside of it. The agreement has no provision for a compromise by the parties apart from their attorneys, and no allusion to any such contingency. Such a compromise is a *casus omissus* — an event left unprovided for. This is susceptible of proof by applying the test whether the minds of the parties met, at the time the contract was made, in regard to a settlement of the litigation by the defendants alone. It is too plain for argument that there was no such assent. It was the plaintiffs who were to manage the proceedings, " by suit, compromise, or otherwise ; " and, as a matter of course, they did not enter upon what might be years of litigation, agreeing that the defendants might, at any time they saw fit, avail themselves of all the plaintiffs' labors, yet make an adjustment on any basis the defendants pleased. As the contract contemplated no such contin-

gency as the voluntary settlement of the litigation by the defendants, the rights of the plaintiffs are not determined by the contract, nor can the defendants foist into it a provision which is not there. No such " compromise " has been made as the contract provides for; nor are the plaintiffs obliged to submit to what, if the argument is of any avail, implies a surrender of their rights to any adjustment the defendants might choose to make.

As the defendants saw fit to go outside of the contract, the plaintiffs are entitled to recover the reasonable value of their actual services. They were employed, and continued to render services as long as they were able. The entire services they were prevented from performing only by the voluntary act of the defendants. It is true that the plaintiffs might have recovered nothing. But the happening of that contingency is out of the question, since the defendants have chosen to interfere with the contract as made, and have prevented the occurrence of the contingencies which were in the minds of the parties. Thus, as we cannot proceed upon the basis that nothing might have been recovered, so we cannot proceed upon the basis that all might have been recovered. We must simply leave the contract, since success under it was not attained; and since, from its provisions, it furnishes no test by which to determine the damages. Ordinarily, the basis on which the law proceeds is of restoring, through the medium of money-damages, the aggrieved person to the position in which he would have been had the other party performed his contract. Thus the damages sustained by the wrongful prevention of performance of an ordinary contract — *e.g.*, to build a house — are the difference between the contract price and what it would have cost the plaintiff to perform the contract. *Park* v. *Kitchen*, 1 Mo. App. 357 ; *Pond* v. *Wyman*, 15 Mo. 183 ; *Myers* v. *Railroad Co.*, 2 Curt. 28. But this rule is not applicable to the facts of this case. The contract is for legal services, and if it had fixed a sum

absolutely to be paid, the measure of damages would be the contract price. *McIlhinney* v. *Kline*, 6 Mo. App. 94 ; *Marsh* v. *Holbrook*, cited in 59 Barb. 577 ; *Baldwin* v. *Bennett*, 4 Cal. 392 ; *Myers* v. *Crockett*, 14 Texas, 257.   But the contingencies of this contract afford no measure.   Hence, even if, theoretically, the optional right of the plaintiffs were admitted to sue upon the agreement and recover for the loss sustained by the prevention, or to treat the contract as rescinded, and recover on a *quantum meruerunt* (see *Jones* v. *Judd*, 4 N. Y. 412 ; *Marsh* v. *Holbrook*, *supra*), still, as there is no contract price, there is no basis for the estimate of damages on the former theory.   The plaintiffs must prove loss actually sustained, and cannot ignore uncertainties which are a part of their bargain.   The law will presume they would have performed their contract, as they did so as far as allowed, but will not enter the region of conjecture, and assume how much would have been recovered.   It certainly ought to show no peculiar favor to contracts by which attorneys' fees are made dependent upon recovery.

As the plaintiffs have a right to recover the reasonable value of the services which were rendered, the judgment must be reversed and the cause remanded.   Judge BAKE-WELL concurs ; Judge LEWIS is absent.