### LEWIS FOUNDRY & MACHINE CO. v. CAYUGA TOOL STEEL CO., Limited.

(District Court, N. D. New York. October 12, 1918.)

MASTER AND SERVANT ⬤⟹25, 59—CONTRACT OF EMPLOYMENT—IMPOSSIBILITY OF PERFORMANCE.

It is an implied condition of a contract for employment in a special service for a term of years that in case of involuntary inability to perform by either party no damages for breach are recoverable.

In Equity. Suit by the Lewis Foundry & Machine Company against the Cayuga Tool Steel Company, Limited. In the matter of the claim of Charles M. Hammond for damages for breach of contract by defendant. Claim disallowed.

Charles M. Hammond presents a claim for damages for breach of contract of employment growing out of a state of facts which will be stated in my opinion. The special master has reported against the validity of the claim.

Hancock, Spriggs & Hancock, of Syracuse, N. Y., for claimant.
Chas. V. Byrne and D. F. Costello, both of Syracuse, N. Y., for creditors.
Gannon, Spencer & Michell, of Syracuse, N. Y., for receivers.

RAY, District Judge. Cayuga Tool Steel Company, Limited, is a corporation of the state of New York, and was engaged in manufac-

---

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

turing at the city of Auburn, N. Y., where its plant and property were situated. It entered into a valid contract with Charles M. Hammond, by the terms of which Hammond was to perform services for the said corporation in overseeing production and selling for a term of years at a fixed compensation per year, and in addition he was to have a certain commission on sales made by him. The contract as stated by claimant was:

"Mr. Hammond was employed by the Cayuga Tool Steel Company for the period of five years from January 1, 1917, to manage and direct the manufacture of the company's products, etc., on terms as follows: $5,000 for the first year, $6,000 for the second year, and $7,500 for the third year—and that a rate for the fourth and fifth years is to be fixed by the board of directors, but at not less than $7,500 per year; that in addition thereto said Charles M. Hammond is to receive additional compensation by way of a bonus in an amount equal to 10 per cent. of the company's profits, after deducting an amount equivalent to 7 per cent. of the then outstanding capital stock of the company, to be payable in the capital stock of the company."

Some months ago the corporation found itself in financial difficulties and this action was brought by the plaintiff, a large creditor, to conserve the assets, etc. The claimant, Hammond, was paid for all the services actually performed by him for the company and all commissions earned. Receivers were appointed by this court, with authority to continue the business, and the business was continued by them. The receivers neither affirmed nor disaffirmed the contract, but on their appointment employed Hammond to work for them on the same terms he had been working for the corporation, and he did work and has been or will be paid in full for such services. As the corporation was insolvent, a decree of sale of all the assets and property was made in such suit and entered, and the property has been sold and the corporation put out of business by action of the court. It cannot further or hereafter do business, and has no assets, except such as were derived from this sale, and which are to be distributed to creditors after the payment of expenses.

By reason of the insolvency of the corporation and the action of this court the corporation cannot give work to Hammond as agreed, or pay as agreed. The corporation has never denied or repudiated the contract. The action of this court, predicated on the facts stated, makes performance by the corporation impossible. It has not voluntarily or willfully done any act in violation of the contract. Its inability to give employment is wholly involuntary on its part.

This was and is a personal contract, providing for employment in a special service by the one party and the performance of such service by the other. The contract is not assignable. It seems to me it implied that in case of involuntary inability to perform by either party no action for damages would lie. "Where the contract is wholly executory, there must be some express and absolute refusal to perform, or some voluntary act on the part of the individual which renders it impossible for him to perform, in order to constitute an anticipatory breach for which an action will lie." Ga Nun v. Palmer, 202 N. Y. 483, 489, 96 N. E. 99, 101 (36 L. R. A. [N. S.] 922). In Jones v. Judd,

4 N. Y. 412, it was held that if, after a contract is made, the law interferes and makes subsequent performance impossible, the party is held to be excused. Here the law has interfered and made performance by the Cayuga Tool Steel Company impossible. In Jones v. Judd, supra, the facts are thus stated in the syllabus:

"Thus, where the defendant contracted with the state to construct a section of the Genesee Valley Canal, and made a subcontract with the plaintiffs for a portion of the work, at so much per yard for excavation and embankment, payable monthly, except 10 per cent., which was not to be paid until the final estimate, and before the completion of the plaintiffs' job the work was stopped by the state officers, and the original contract terminated by an act of the Legislature, held, that the plaintiffs were entitled to recover the price agreed on for the work actually done by them."

This case is cited and approved in Lorillard v. Clyde et al., 142 N. Y. 456, 462, 37 N. E. 489, 24 L. R. A. 113, which to a certain extent is in point here. See, also, Dexter v. Norton, 47 N. Y. 62, 7 Am. Rep. 415. In this last-cited case the court said:

"But there are a variety of cases where the courts have implied a condition in the contract itself, the effect of which was to relieve the party when the performance had, without his fault, become impossible; and the apparent confusion in the authorities has grown out of the difficulty in determining in a given case whether the implication of a condition should be applied or not, and also in some cases in placing the decision upon a wrong basis. The relief afforded to the party in the cases referred to is not based upon exceptions to the general rule, but upon the construction of the contract."

See, also, Spalding v. Carl Rosa et al., 71 N. Y. 40, 27 Am. Rep. 7. I am of opinion, and hold, that in this case no claim exists in favor of Hammond against the Cayuga Tool Steel Company for breach of this contract, as the law came in and made performance impossible, and such company is excused. This was a contingency within the contemplation of the parties.

The report of the special master, rejecting the claim, is confirmed.