Tavxok, Chief Justice,
 

 delivered the opinion of the' Court:
 

 The law, proceeding upon the rule, that the best evidence, the nature, of the thing is capable of, shall be produced, requires the person who ought to have the custody of the deed, to exhibit it to file Court, in the necessary deduction of his title | and in such case, a copy from
 
 *271
 
 (he Register’s Office,-or even inferior evidence, bas
 
 by
 
 the constant practice of Courts in this State, been ad- * mitted, upon the oath of the party, that the original is lost or destroyed. If it be in the adversary’s possession, notice to produce it must be given, to authorise the introduction of secondary evidence. But where the law-does not suppose the party to have custody of the deed, either as party to it, or as privy in representation, it admits at once, inferior proof, without requiring the oath as to the original.
 

 The cases in which a party ought to have custody of the original deeds, and where consequently, he will be compelled to produce them, or account for their absence, are stated in Burkhurst’s case, (1
 
 Rep.
 
 1.) Where land is sold without warranty, or with warranty only against the feoffor and his heirs, the purchaser shall have all the» deeds, as incident to the land, in order that he may the better defend it himself. But if the feoffor be bound in warranty, and to render in value, he must defend the title at his peril, and the feoffor is not to have custody of any deeds that comprehend warranty, of which the feoffor may take advantage. A purchaser at a Sheriff’s sale, may give copies in evidence, where it is necessary to deduce the title of him, whose land was sold, because he is only privy in estate, and is not supposed to have custody of the original.