Nasii, J.
 

 The whole case turns upon the admissibility of the parol evidence to prove the contents of the pass or permit. We see no ground to complain of the judgment. Before us it has been urged, that the notice to the plaintiff could not authorise the parol evidence of the contents of the alleged pass, because the case showed it was not in his possession. This may be true, but it was not upon the ground, that the paper was then in his possession, that the notice was given, but because the case showed, it was last seen in the possession of his slave, and therefore under his control, and to this he answers, that it is not in his possession nor under his control, because the boy, Reuben, had never returned to his possession ; in other words that he had runaway and vras lost to him. So that the plaintiff, himself, proves that the pass is lost. It is upon this ground, we think his Honor’s opinion was right. It has been further argued by the plaintiff’s counsel, that the pass, according to the testimony was as much under the control of the defendant as of the plaintiff and it is insinuated, rather than asserted, that before he could resort to the secondary evidence, he ought to show that he had sent to Ohio, where, it is understood, Reuben is, and procured from him the pass, and the case of
 
 Deaver and Rice,
 
 2 Ire. 280, has been cited as an authority. That case decides, that when an execution was shewn to have
 
 *525
 
 been in tbe hands of a constable, it is not sufficient, to let in the secondary evidence of its contents, to show, that the constable had removed to another State, and had left his papers generally with an agent, who testified that the execution would not be found among the papers so left. This decision was unquestionably made upon correct grounds. The party, offering the secondary evidence, had not shown that the execution was lost; it might still be in the possession of the constable, and it was in the pow’er of the plaintiff to procure his deposition. Here the negro Reuben had runaway from his master.' The case does not show where he is, and there is no presumption, if he was, as was alleged, in the State of Ohio, that he still had in his possession the permit or pass, nor was there any mode known to the law, whereby the defendant could, if it was still in his possession, have obtained it or proved by Reuben its loss. To admit this secondary evidence, it is sufficient to show, that there is no reasonable probability, that any thing has been suppressed. Mc
 
 Gahey and Alston, 2
 
 M. & T. 206,
 
 2
 
 St. N. P. 152. This case differs from that of
 
 Harvin
 
 &
 
 wife against Hunter
 
 &
 
 Springs,
 
 at this term, in this, that, in the latter case, it does not appear sufficiently to the Court, that the originals were lost; here that fact does affirmatively appear.
 

 We have examined the cases to which our attention has been called by the plaintiff’s counsel, and while we admit their correctness do not think them applicable to the case before us.
 

 Per Curiam. judgment affirmed.