## · LEDFORD v. EMERSON.

(Filed May 25, 1905.)

*Parol Evidence—Collateral Writings—Rule as to Parol Evidence.*

1. In an action to recover the plaintiff's share of the proceeds of the sale of options, which the plaintiff alleges the defendant has fraudulently withheld from him, it is competent to permit parol evidence of the options and their contents as they are collateral to the issue.

2. The rule that parol evidence cannot be allowed as to the contents of a written instrument applies only in actions between parties to the writing and when its enforcement is the substantial cause of action.

ACTION by J. P. Ledford against A. S. Emerson, heard by *Judge T. J. Shaw* and a jury, at the Spring Term, 1905, of the Superior Court of CHEROKEE County. From a judgment of nonsuit, the plaintiff appealed.

*Busbee & Busbee, Axley & Axley* and *E. B. Norvell* for the plaintiff.
*Dillard & Bell* for the defendant.

BROWN, J. The plaintiff alleges that he procured options on about 60,000 acres of land and placed the same in the hands of the defendant for sale; that the defendant sold the options for $10,000 cash and paid the plaintiff $600, and by false and fraudulent statements to the plaintiff, obtained from the plaintiff a receipt in full.

The plaintiff sues to recover $4,400, the remainder of his half of the $10,000. Neither the options nor their contents are in litigation.

On the trial the plaintiff proposed to show by his own evidence that he had performed his part of the contract between

himself and defendant; that he took options for about 65,-000 acres of land, delivered the same to the defendant; and that the defendant sold them for $10,000. On objection of defendant, the court refused to allow the plaintiff to show this, holding that the plaintiff could not speak of the options without producing them and refusing to allow the evidence offered by the plaintiff.

His Honor misconceived the kind of action that was being tried, for from his ruling he must have thought that the options or their contents were in litigation—were the gravamen of this action—when they were not. The purpose of the action is to recover the plaintiff's share of the proceeds of the sale of the options, which the plaintiff alleges the defendant has fraudulently withheld from him. It was competent therefore to permit parol evidence of the options and their contents. They were collateral to the issue. Our reports contain numerous precedents. *Carden v. McConnell,* 116 N. C., 875; *Pollock v. Wilcox,* 68 N. C., 50; *Reynolds v. Magness,* 24 N. C., 26; 1 Greenleaf Ev., 275-279.

The rule that parol evidence cannot be allowed as to the contents of a written instrument applies only in actions between parties to the writing, and when its enforcement is the substantial cause of action.

The contention of the defendant that the plaintiff had waived or abandoned his right to appeal cannot be sustained.

New Trial.