J. C. ANDREWS AND RUFUS BOWEN v. T. C. GRIMES ET AL.

(Filed 14 October, 1908.)

1. Claim and Delivery—Ownership—Evidence—Issues.

An allegation and supporting evidence that certain tobacco, the subject of claim and delivery proceedings, was in a house on defendants' land at the time of the alleged sale, and by agreement was to be hauled and delivered to plaintiffs by defendants, is sufficient to raise the issue, "Did defendants afterwards agree with plaintiffs that the tobacco should remain on defendants' land as the property of the plaintiffs?"

2. Pleadings—Slight Variations Disregarded—Amendments in Superior and Supreme Courts.

Very slight variations between the allegation and the proof should be disregarded; and, when the variation is serious, amendment may be permitted by the trial Judge to make the allegations conform to the proof (Revisal, sec. 507), and also by the Supreme Court. (Revisal, sec. 1545.)

3. Claim and Delivery—Evidence·of Ownership—Policy—Collateral Matters.

As evidence of ownership of a lot of tobacco in dispute, it was competent to show by parol evidence that it had been insured by plaintiffs as their own, without putting the policy itself in evidence, as it was collateral to the issue.

ACTION tried before *W. R. Allen, J.,* and a jury, at April Term, 1908, of PITT.

Defendants appealed.

*J. I. Fleming* for plaintiffs.
*Jarvis & Blow* and *Julius Brown* for defendants.

CLARK, C. J.. Action with claim and delivery for 4,000 pounds of tobacco, a portion of a larger quantity which the plaintiffs claimed they had bought of the defendants. The jury found, in response to the issues submitted, that it was agreed between the parties that the price of said tobacco should be ·6¾ cents per pound; that the defendants were to finish the grading and were to haul the tobacco to Roberson-ville, where it was to be weighed and the price paid; that the parties afterwards agreed that the tobacco should remain in a house on the land of the defendants as the property of the plaintiffs; that no part of the purchase money has been paid; that the tobacco, when seized in this action, was worth $340, *i. e.,* 4,000 pounds at 8½ cents; whereupon the court gave judgment for $70, the difference between 6¾ and 8½ cents on 4,000 pounds.

The exception to the submission of the third issue, "Did defendants afterwards agree with the plaintiffs that said tobacco should remain on the land. of the defendants as the property of the plaintiffs?" cannot be sustained. There was allegation in the complaint that the tobacco at the time of the alleged sale was delivered to the plaintiffs; that it was in a house on the lands of defendants and was to be hauled by them to plaintiffs' warehouse as rapidly as it could be prepared. This justified the issue. There was evidence to support this view, and the court, after verdict, even, could have permitted the complaint, if necessary, to be amended to conform ·"to the fact proved" (Revisal, sec. 507), and this Court can do the same. Revisal, sec. 1545. But, in

fact, if there was any variance between allegation and proof, it was so slight that it should be disregarded. Revisal, sec. 515.

Evidence that the plaintiffs at once insured the tobacco was competent, especially in view of their evidence that it was agreed at the time that the tobacco was the plaintiffs', and if burnt, that it would be plaintiffs' loss. And it was competent to prove the fact of insurance, without putting the policy in evidence. This was not a suit on the policy and its terms were not material. It was collateral to the issues. *Ledford v. Emerson,* 138 N. C., 503, and cases cited.

Upon the issues found by the jury, the title and right to possession passed under the agreement. Though the purchase money was not paid at the time, nor to be paid until delivery of the tobacco, it was agreed that the tobacco was to remain on defendants' premises as the property of the plaintiffs. Nor did the fact that the defendants were to prepare the tobacco and haul it in anywise derogate from the completion of the sale and transfer of the title, if the agreement was as found by the jury.

No Error.