W. J. McLENDON, Jr., et als. v. C. J. EBBS et als.

(Filed 23 May, 1917.)

1. **Statute of Frauds—Deeds and Conveyances—Letters—Inclosures—Parol Evidence.**

A letter written by the purchaser to the seller of lands, fully describing the lands and inclosing a deed sufficient in form and description, for him to execute and return, providing for deferred payments of the balance of the purchase price, is a sufficient writing within the meaning of the statute of frauds, permitting a recovery of such balance; and the fact that the deed was inclosed in the letter may be proved by parol evidence, as a collateral matter to the written instrument.

2. **Evidence—Letters—Duplicate Originals.**

Where a letter has been duplicated by carbon and both executed as originals, the latter is not objectionable as secondary evidence.

APPEAL by defendants from *Shaw, J.,* at March Term, 1917, of MADISON.

This action was brought against C. J. Ebbs and two others to recover $500, the installment due on the purchase price of a certain tract of land.

W. J. McLendon addressed the following letter to—

MR. C. J. AND P. D. EBBS,                    10 April, 1916.
   *Marshall, N. C.*

GENTLEMEN : I hereby agree to sell you the Bridge Street property recently occupied by Morrow V. McLendon and adjoining the lot of Shelton-Ebbs Company, for the sum of $2,175, payable as follows: Cash, $175, receipt of which is hereby acknowledged; $250 June 1st, $250 October, and $250 every three months thereafter till paid in full, notes to bear interest at 6 per cent after June 1st and signed by C. J. Ebbs, P. D. Ebbs, and W. E. King.

It is understood that P. B. Rector and W. B. Ramsey are to have the use of the large storeroom till June 1st, free of rent, and that I am to collect all other rents till 7 May, 1916.

The deed is to be made as soon as possible to the above signers and makers of the notes.       Yours very truly,

                                        W. J. McLENDON.

D. J. Ebbs gave McLendon a check for $175. Thereafter, on 29 May, 1916, he wrote the following letter to—

MR. C. J. EBBS,                              29 May, 1916.
   *Marshall, N. C.*

DEAR SIR: I am inclosing herewith deed for Bridge Street property and which I made to C. J. Ebbs, P. D. Ebbs, and W. E. King, this

being my understanding of the way in which you wanted the deed made. If any of the names are not to be in the deed, you can erase them. You will note I have made the consideration $2,000, and which I also trust is satisfactory.

You make the notes according to the agreement as to deferred payments and forward to me at your convenience.

Yours very truly,

W. J. McLENDON.

The deed inclosed therein was for the Bridge Street property described and was signed by McLendon and his wife on 9 June, 1916. This deed was returned to him by C. J. Ebbs in the following letter:

MR. W. J. McLENDON, JR.,          MARSHALL, N. C., 9 June, 1916.
        *Knoxville, Tenn.* .

DEAR SIR: I herewith inclose deed covering the Bridge Street property, made out in accordance with our agreement. I also inclose the deed sent to us some days ago.

Kindly execute the new deed and let us have it back at your early convenience, and we will send you the notes and check as per the contract.          Yours very truly,

C. J. EBBS.

The deed which McLendon had sent Ebbs was inclosed in this letter, and also the new deed drawn by Ebbs, for the plaintiff and wife to execute. This latter deed fully describes the property, and plaintiff testified that he and his wife executed and acknowledged the same and handed it to C. J. Ebbs, who stated that it was all right, but that P. D. Ebbs and King were not there to sign the notes, and by request of C. J. Ebbs he left the deed with Mr. White in escrow to be turned over to Ebbs when the notes for $1,750 were executed and a check for $250 delivered to him for plaintiffs. The plaintiff testified that he told Mr. C. J. Ebbs that he could take possession of the propetry, who said that he would do so.

There was also evidence that C. J. Ebbs took possession of the property and rented it out to the witness Rector. The court instructed the jury, "If you find the facts to be as testified to by the witnesses," to answer all the issues "Yes" in favor of the plaintiff, as against the defendant C. J. Ebbs, and directed a nonsuit as to the other two defendants.

The defendant C. J. Ebbs excepted and appealed.

*Guy V. Roberts and Martin, Rollins & Wright for plaintiffs.*
*Gudger & McElroy for defendants.*

CLARK, C. J. The sole question presented is whether there was a sufficient agreement in writing, under the statute of frauds, to bind the defendant C. J. Ebbs.

The plaintiff wrote a letter to the defendants which sufficiently described the property and in his second letter inclosed a deed executed by himself and wife for the same. The defendant C. J. Ebbs thereupon wrote out a new deed fully describing the property and setting out the contract and naming the consideration, stating that the deed covered the Bridge Street property and was "made out in accordance with our agreement. . . . Kindly execute the new deed and let us have it back at your earliest convenience, and we will send you the notes and check as per the contract." This was a sufficient signing under the statute of frauds. The reference in the letter to the deed, taken in connection with the evidence of the plaintiff that the deed put in evidence was the deed that came in the envelope and is the one referred to in Ebbs' letter of 9 June, is fully sufficient.

The objection that parol evidence was required to prove that the deed put in evidence was that which was sent by Ebbs for plaintiff's signature and which was afterwards executed and acknowledged by himself and wife in no wise makes in favor of the plea that the contract was not in writing.

The contract is fully set out in the correspondence, and there . is nothing as to the terms of the contract to be added. The terms of the agreement are full and complete, and entirely in writing. It is no infringement of the rule that a contract for sale of land must be in writing to prove by parol the signature of the parties, the delivery of the paper in escrow, or that the two papers came tacked together or in the same envelope. These are collateral matters and form no part of the contract itself, which is entirely in writing.

It may be that if there had been evidence that C. J. Ebbs was authorized orally as the agent of P. D. Ebbs and of King to sign the letter, that this would have made him an "agent" duly authorized to sign the contract in their behalf. But such evidence seems not to have been offered, and at any rate the plaintiff did not appeal from the direction of a nonsuit as to them. The contract, whether proven valid as to P. D. Ebbs and King or not, was binding upon C. J. Ebbs, and judgment was properly taken against him. The carbon copies of plaintiff's letters were duplicate originals and competent.

The correspondence made a sufficient contract as to C. J. Ebbs, and in his appeal there is

No error.