ELBERT G. WESTON v. ROYAL TYPEWRITER COMPANY.

(Filed 22 February, 1922.)

**Evidence—Pleadings—Admissions.**

> Where the plaintiff has introduced in evidence allegations of the answer amounting to the admissions of distinct and separate facts relevant to the inquiry, it is not open to the defendant to put in evidence the remaining part of each paragraph, when they do not tend to explain or qualify the previous admissions. *Jones v. R. R.*, 176 N. C., 268, cited and applied.

APPEAL by defendant from *Horton, J.*, at December Term, 1921, of BEAUFORT.

Civil action to recover damages for an alleged breach of contract. Upon trial in the Superior Court, the jury returned the following verdict:

"1. Did defendant contract to sell and deliver typewriters to plaintiff, as alleged in the complaint? Answer: 'Yes.'

"2. If so, did defendant breach said contract, as alleged in the complaint? Answer: 'Yes.'

"3. Did plaintiff on his part fully perform said contract, and stand ready, able, and willing to perform same, as alleged in the complaint? Answer: 'Yes.'

"4. What damage, if any, is plaintiff entitled to recover of defendant on account of machines actually sold by plaintiff and not delivered by defendant? Answer: '40 per cent discount on 45 machines, at $40. Total, $1,800, and interest from 1 January, 1920.'

1—183

"5. What damage, if any, is plaintiff entitled to recover of defendant by reason of defendant's failure to ship machines ordered by plaintiff, but not actually sold by plaintiff. Answer: 'None.' "

Judgment on the verdict in favor of plaintiff; defendant appealed.

*Small, MacLean, Bragaw & Rodman for plaintiff.*
*Wiley C. Rodman for defendant.*

STACY, J. The exceptions relating to the existence and binding force of the contract are all settled by the verdict. The controversy in this regard was largely one of fact and the jury have found in accordance with the plaintiff's contention. The motion for judgment as of nonsuit was properly overruled.

Plaintiff offered in evidence certain admissions, taken from defendant's answer, of distinct, separate facts relevant to the inquiry, and no objection was made to this at the time. Later, defendant requested that it be allowed to put in evidence the remainder of each section of the answer from which plaintiff had offered separate and distinct admissions. Objection being made, the request was declined and the proposed evidence excluded. It does not appear that these portions of the different paragraphs tended to explain or to qualify the previous admissions; but, on the contrary, an examination shows the facts to be otherwise. Hence, the case falls outside of the rule laid down in *Jones v. R. R.,* 176 N. C., 268: "It is the settled rule of procedure in this jurisdiction that a party may offer in evidence a portion of his adversary's pleadings containing an allegation or admission of a distinct and separate fact relevant to the inquiry and without introducing qualifying or explanatory matter, the rule being further to the effect that in such case it is open to the opposing party to introduce such qualifying matter if he so desires." It should be observed, however, that the other portions of the pleadings become competent evidence for the pleader only when they tend to modify or limit the former allegations or admissions which have been offered by his adversary.

The remaining exceptions, even if valid, but which we do not find to be, are not of sufficient moment to warrant a new trial.

Having discovered no reversible error on the record, the verdict and judgment must be upheld.

No error.