MALCOLM, ADMINISTRATOR, v. MOORESVILLE COTTON MILLS.

(Filed 12 May, 1926.)

**1. Evidence—Pleadings—In Explanation or Modification.**

Where in an action to recover damages for the negligent killing of the plaintiff's intestate, the plaintiff has introduced a part of the answer, the defendant may introduce other parts in explanation or modification thereof.

**2. Negligence—Evidence—Instructions.**

The facts and circumstances of each particular case are to be considered by the jury in passing upon the issues of negligence or contributory negligence arising from the evidence in the case, and an exception to an instruction that the jury should determine the issue as they find the facts and circumstances justify, will *not* be sustained when from the instruction upon the relevant evidence, they were correct under the application of this principle.

**3. Negligence—Contributory Negligence—Evidence.**

An instruction of the trial judge upon the issue of contributory negligence that the same caution is required of the plaintiff's intestate that under substantially the same circumstances would be required of the defendant, is not erroneous.

**4. Same—Instructions—"Caution"—Words and Phrases.**

An instruction upon the issue of contributory negligence that the plaintiff's intestate was required to exercise under the existing circumstances such caution and care as a man of ordinary prudence should have exercised, is not objectionable in the use of the word "caution," the word "caution" meaning substantially the same as the word "prudent," and imposes no higher degree of care to be observed by the intestate.

CIVIL ACTION for damages, tried before *Lane, J.,* and a jury, at August Term, 1925, of IREDELL.

Plaintiff's intestate was employed by the defendant to clean the cloth room and to fill fire buckets which hung on posts in the mill. These buckets were filled with water as a means of fire protection. They were suspended from hangers which were about 6½ feet high and were to be filled every Monday. In filling the buckets plaintiff's intestate used a keg for stepping up to put in water. The post upon which the water bucket hung was between 2½ and 4 feet from the revolving shaft of a tentering machine. On 4 February, 1924, the plaintiff, in the line of his duties in attempting to fill the water buckets, was caught by the revolving shaft and so seriously injured that as a result thereof he died two days later. There was a conflict of testimony as to whether or not there were safe approaches to these posts from which the water buckets were suspended.

There was also evidence from the defendant's witness that plaintiff's intestate in approaching this water bucket, raised a rope and attempted to step over this revolving shaft, and that in doing so his clothing was caught and the injury complained of inflicted.

At the time of his death the plaintiff was about 41 years of age, and had been working at the mill for some time.

The issues and the answers of the jury thereto were as follows:

(1) Was the death of plaintiff's intestate caused by the negligence of defendant as alleged in the complaint? Answer: Yes.

(2) Did plaintiff's intestate by his own negligence contribute to his death as alleged in the complaint? Answer: Yes.

(3) What damages, if any, is plaintiff entitled to recover from the defendant? Answer: ................

Judgment was entered upon the verdict that the plaintiff take nothing by his action, from which judgment the plaintiff appealed.

*Buren Jurney, J. W. Sharpe, Marvin L. Ritch, J. F. Flowers for plaintiff.*

*Z. V. Turlington, Grier & Grier for defendant.*

BROGDEN, J. The plaintiff introduced in evidence a part of paragraph five of the answer, as follows: "He was caught in a revolving shaft and received injuries resulting in his death." Thereafter the defendant offered in evidence a portion of the fifth paragraph of the answer, from which said admission was taken, as follows: "Defendant admits that owing to the carelessness and negligence of plaintiff's intestate, as hereinbefore alleged, he was caught in a revolving shaft and received injuries resulting in his death."

The plaintiff excepted to the action of the trial judge in permitting the defendant to offer the portion of paragraph five of its answer re-

ferred to. This exception cannot be sustained. It is true that a plaintiff can offer in evidence the portion of the answer of his adversary which contains an allegation or admission of a distinct or separate fact without introducing qualifying or explanatory matter contained in such portion. But it is also true that, while the plaintiff may not be compelled to offer such explanatory matter, the defendant has a right to do so when such allegation or portion thereof tends to modify or limit the allegations or admissions offered by his adversary. *Weston v. Typewriter Co.,* 183 N. C., 1; *White v. Hines,* 182 N. C., 279; *Jones v. R. R.,* 176 N. C., 268; *Wade v. Contracting Co.,* 149 N. C., 177.

Plaintiff also excepts to the following instruction of the trial judge: "As you find the facts and the circumstances to justify." The whole paragraph from which these words are selected is as follows: "So, upon these allegations and denial three issues arise which are submitted to you. They are questions, in other words, for you to answer, as you find the facts and the circumstances to justify." This exception is untenable for the reason that in substance the judge was instructing the jury that negligence or contributory negligence could be established by circumstantial evidence. "Negligence is necessarily a relative term, and depends upon the circumstances of each particular case. What might be negligence under some circumstances at some time or at some place may not be negligence under other circumstances or at any other time and place. All the surroundings or attendant circumstances must be taken into account if the question involved is one of negligence." *Forsyth v. Oil Co.,* 167 N. C., 182; *Drum v. Miller,* 135 N. C., 215.

The plaintiff further excepts to the following instruction of the trial judge: "The same definition of negligence applies in regard to this issue as it does in the other." The whole paragraph from which these words are selected is as follows: "The second issue is, Did the plaintiff's intestate by his own negligence, contribute to his death as alleged in the answer? Now, the burden of that issue is upon the defendant, Cotton Mill Company, to satisfy you by the greater weight or preponderance of the evidence that the deceased was guilty of contributory negligence, that is of such negligence and lack of care on his own part as contributed to his death. The same definition of negligence applies in regard to this issue as it does in the other."

This exception is untenable. "There is really no distinction or essential difference between negligence in the plaintiff and negligence in the defendant, except the plaintiff's negligence is called contributory negligence. The same rule of due care, which the defendant is bound to observe, applies equally to the plaintiff." *Moore v. Iron Works,* 183 N. C., 439.

MALCOLM *v.* COTTON MILLS.

Plaintiff further excepts to the following instruction of the trial judge: "Cautious person would have been expected to exercise under all circumstances, and if he failed to exercise such care as that for his own safety and by such failure contributed to his death, if his own negligence, operating and concurring with the negligence of the Mill Company brought about his death, then this administrator could not recover damages for it, it would bar a recovery." The whole paragraph from which these words are selected, is as follows: "The deceased owed the duty to himself, the law says, to use reasonable care for his own safety, that is, such care as a reasonably prudent, cautious person would have been expected to exercise under all the circumstances, and if he failed to exercise such care as that for his own safety and by such failure contributed to his death, if his own negligence, operating and concurring with the negligence of the Mill Company brought about his death, then this administrator could not recover damages for it, it would bar a recovery."

The plaintiff insists that the word "cautious" used in the instruction referred to, imposed a higher degree of care upon the plaintiff's intestate than required by law. In other words, the plaintiff's contention is that the word "cautious" means more than prudent. There may be an infinitesimal shade of difference between cautious and prudent, but a reasonably prudent person and a reasonably cautious person are substantially the same and the words possess identical significance for all practical purposes. Certainly the words "prudent" and "cautious" are used interchangeably in defining negligence. Thus in *Tudor v. Bowen,* 152 N. C., 443, it is said: "A want of caution to avoid injury, where the duty to exercise caution is incumbent, and a reckless or heedless use of a dangerous agency in a locality where the peril from its use is obvious, constitute breaches of duty which may become, when causing injury, actionable negligence. In *Hamilton v. Lumber Co.,* 160 N. C., 53, the jury was instructed as follows: "He (plaintiff) is required to exercise reasonable caution and prudence himself, because it is his duty to take notice of conditions which surround him, and he must exercise the care of a reasonably prudent man."

There are other exceptions in the record as to the arraying of the contentions of the parties, but we find in these exceptions no error. It should be noted, however, that at the conclusion of the charge one of plaintiff's counsel stated to the court that he did not think the court had fully stated the contentions of the plaintiff as to the way the injury happened and as to the way Malcolm went to the post and as to what Thomas (witness) saw him do. The court stated that he had given the contentions as the counsel had argued them to the jury and declined to call the jury back for further instruction, to which the plaintiff excepted. The case on appeal was settled by the judge and the finding of fact

therein appearing that he had stated the contentions of plaintiff as "the counsel had argued them to the jury," is conclusive because the record imports verity. *Allen v. McLendon,* 113 N. C., 320; *S. v. Harris,* 181 N. C., 608.

We have given all the exceptions noted in the record careful examination. There was evidence of negligence and of contributory negligence. The charge of the trial judge substantially declared the rules of law governing the case and correctly applied the law to the facts. Under conflicting evidence the jury has found the facts and the record presents no error sufficient to invalidate the verdict and judgment thereon.

No error.