LIBERTY CHAIR COMPANY v. W. S. CRAWFORD ET AL.

(Filed 13 April, 1927.)

**Evidence—Letters—Carbon Copies.**

> Unsigned carbon copies of letters are incompetent evidence of their contents without identification as to the person against whose interest on the trial they are sought to be introduced. The general requirements as to the competency of letters as evidence, when mailed, the identification of the writer, their mailing and receipt, notice to produce, etc., stated by BROGDEN, J.

CIVIL ACTION, tried before *Daniels, J.,* at November Term, 1926, of ALAMANCE.

The plaintiff instituted an action against the defendants to recover the sum of $1,003 upon an open account and upon notes executed by the defendants to the plaintiff. The defendants admitted the execution of the notes, but set up a counterclaim for damages for breach of contract. The case was tried in the county court of Alamance, and judgment rendered for the plaintiff.

The defendants assigned certain errors, growing out of the trial in the county court, and these assignments of error were heard by *Daniels, J.,* at the November Term of the Superior Court.   Judge Daniels sustained exceptions one, five, and six filed by the defendants, and awarded a new trial, remanding the case to the county court for such purpose.

From the order of the Superior Court, the plaintiff appealed.

*Carroll & Carroll for plaintiff.*
*No counsel for defendants.*

BROGDEN, J.   Are unsigned carbon copies of letters admissible in evidence?

The record discloses that in the trial court nine unsigned carbon copies of letters were introduced in evidence, purporting to be written by the plaintiff to the defendants.   The trial court, over the objection of the defendants, admitted the letters in evidence, and upon hearing said objection before Judge Daniels, he sustained defendants' objection and awarded a new trial upon the ground that said evidence was incompetent.

The courts have established certain fundamental principles regulating the introduction of letters, and copies thereof.   Some of the controlling principles declared by this Court are:

(1) When a letter is properly addressed, with the required postage thereon, and properly placed in the mail, it is presumed that it was received by the person to whom it was addressed.   *Beard v. R. R.,* 143 N. C., 137; *Mahoney v. Osborne,* 189 N. C., 445.

(2) When the writing is in the possession of the adverse party, who refuses to produce it, secondary evidence of its contents may be given, even when the contents are directly in issue.   *S. v. Wilkerson,* 98 N. C., 696; *Pollock v. Wilcox,* 68 N. C., 47; *Mahoney v. Osborne,* 189 N. C., 445.

(3) If the writing is in the possession of the adverse party, notice to produce it must be given to authorize the introduction of secondary evidence thereof.   *Nicholson v. Hilliard,* 6 N. C., 270; *Overman v. Clemmons,* 19 N. C., 185; *Robards v. McLean,* 30 N. C., 522; *Ivey v. Cotton Mills,* 143 N. C., 189.

(4) If a letter has been received and lost, parol evidence of its contents is admissible, provided the party offering the contents can show affirmatively to the satisfaction of the court the loss thereof, proper and sufficient search therefor, and the existence of all such facts as are necessary to make secondary evidence competent.   *Gillis v. R. R.,* 108 N. C., 444; *Avery v. Stewart,* 134 N. C., 287; *Mitchell v. Garrett,* 140 N. C., 397; *Greene v. Grocery Co.,* 159 N. C., 121; *Bank v. Brickhouse, ante,* 231.

(5) Reasonable and timely notice to produce letters must be given the adverse party. *Sermons v. Allen,* 184 N. C., 127; *Mahoney v. Osborne,* 189 N. C., 445.

(6) A letter received in due course of mail, purporting to be written by a person in answer to a letter proved to have been sent him, is prima facie genuine, and is admissible in evidence without proof of the handwriting, or further proof of its authenticity. *Echerd v. Viele,* 164 N. C., 122.

(7) While the presumption is that an addressee receives a letter that is properly addressed, stamped and mailed, yet the receipt of a letter purporting to be signed by a person is no evidence that it was written by such person. *Beard v. R. R.,* 143 N. C., 136; *Arndt v. Ins. Co.,* 176 N. C., 652.

(8) A letter is not admissible in evidence until satisfactory proof has first been made of its authenticity. *Arndt v. Ins. Co.,* 176 N. C., 652; *Bank v. Brickhouse, ante,* 231.

(9) If a person admits that a copy shown him is a correct transcript of the original, then, as against him, it should be admissible in evidence. *Beard v. R. R.,* 143 N. C., 136.

(10) Carbon copies of letters made at the same time and by the same mechanical operation as the original are considered as duplicate originals, and are therefore admissible in evidence without notice to produce the original. *Gravel Co. v. Casualty Co.,* 191 N. C., 313; *McLendon v. Ebbs,* 173 N. C., 603; *Beard v. R. R.,* 143 N. C., 136. It has also been held that a letter-press copy is a duplicate original.

The carbon copies of the letters offered in evidence by the plaintiff were unsigned, and there was no evidence that they were made at the same time or by the same mechanical operation as the originals, or that the originals had been properly mailed, stamped and addressed to the defendants, or that they had received them, and there was no notice to the defendants to produce the originals. The only evidence of identification was the following statement of a witness for the plaintiff: "This correspondence is letters from me and from Crawford and Straughn in regard to this matter."

We are of the opinion, and so hold, that the evidence of identification of the carbon copies was not sufficient, and that Judge Daniels was correct in sustaining the objection of defendants to their introduction in evidence.

Affirmed.