T. H. EDWARDS AND J. F. EDWARDS v. J. P. NUNN ET AL.

(Filed 9 November, 1927.)

**1. Contracts—Parol Evidence—Evidence—Bills and Notes—Renewals—Mortgages—Liens.**

Parol evidence is competent to show that the original note, secured by a mortgage on lands, was several times renewed, and that the note in suit was the last of the series, it being of matters not embraced in the written part of the transaction, and when so established the time of the making of the original mortgage note will give the mortgagee priority of lien over a later docketed judgment.

**2. Appeal and Error—Instructions—Objections and Exceptions.**

An instruction will not be considered on appeal unless there has been an exception thereto duly entered.

APPEAL by defendants C. Heber Moore and Mrs. W. A. Kornegay from *Bowie, Special Judge,* at June Term, 1927, of LENOIR.

One issue was submitted and answered as follows:

1. What sum, if any, have the plaintiffs paid out for the benefit of the defendants, J. P. Nunn and wife, Mittie Nunn, and to the damage of the plaintiffs, as endorsers on notes of the said defendants, Nunn, under the terms of the indemnifying mortgage set out in plaintiffs' complaint? Answer: Yes, $4,627.30, with interest.

Judgment for plaintiffs. Exception and appeal for errors assigned.

*Cowper, Whitaker & Allen for plaintiffs.*
*Sutton & Greene and Shaw & Jones for appellants.*

ADAMS, J. This was a special proceeding instituted before the clerk of the Superior Court to determine how a fund paid into his office should be applied. C. S., 2592, 2593.

On 26 December, 1919, J. P. Nunn and his wife, to secure an indebtedness of $7,800, executed to the First National Bank of Kinston a mortgage on certain real property known as the Bagby land; on 12 October, 1920, they executed a mortgage on this land and on a house and lot in Kinston to secure an indebtedness to J. N. Jones in the sum of $6,000; and on 21 December, 1922, they executed to the plaintiffs a mortgage on the Bagby land to indemnify the mortgagees against loss by reason of their indorsement of a note of $4,000 made by J. P. Nunn to the First National Bank of Kinston and of other notes not to exceed the total sum of $5,000. These mortgages were duly registered. On 14 February, 1922, W. C. Fields and Harvey & Sons Company each recovered and docketed a judgment against the defendant Nunn—Fields in the sum of $906.16, and Harvey & Sons Company in the sum of $991.05. C. Heber Moore, also, recovered a judgment against Nunn for $6,000 at the June Term, 1922, of the Superior Court, on which there is a credit of $4,570.12. To this judgment the defendant Mrs. Kornegay asserts title by assignment.

On 31 January, 1927, the First National Bank of Kinston foreclosed its mortgage on the Bagby land and Simpson Harper became the purchaser at the price of $15,000. On the same day J. N. Jones foreclosed his mortgage on the house and lot and W. S. Nunn and his wife became the purchasers at the price of $4,000. From this sum expenses amounting to $23.40 were deducted and $3,976.60 was credited on the mortgage, leaving $2,437 as the remainder due on the Jones mortgage. This remainder was paid out of the fund held by the First National Bank of Kinston and there was left a surplus of $4,480.31, which is the subject of the present controversy.

This is a part of the proceeds arising from the sale of the Bagby land described in the mortgage held by the plaintiffs to indemnify them

against loss for their indorsement of Nunn's notes. They contend that they had indorsed his notes and had paid on their indorsement for Nunn's benefit $700 on 1 February, 1927, and $3,927.30 on 23 February, 1927, and the jury accepted their statement, returning a verdict in favor of the plaintiffs for $4,627.30.

The appellants assign as error the admission of parol evidence to show the renewal from time to time of the four thousand dollar note indorsed by the plaintiffs and to show that the first seven hundred dollar note was indorsed by them prior to the time the appellant's judgment was docketed. The appellants contend that these are matters which must be established by record evidence. It is elementary that as a rule an inferior grade of evidence should not be admitted if a higher grade can be produced and that written instruments furnish the best evidence of their contents. It is likewise elementary that testimony is not excluded by this rule unless there is an attempted substitution of an inferior for a better grade or quality of evidence. "It often happens that parol testimony as to a fact may be primary evidence of the same fact. If the essential fact to be proved is not the contents of a written instrument, but an independent fact to which the writing is merely collateral or of which it is merely an incident there is no reason for the application of the rule." Jones on Evidence (2 ed.), 249, sec. 203. *Ledford v. Emerson,* 138 N. C., 502. Applying this principle we find no error in the admission of the evidence.

The appellants excepted also to the denial of their motion to dismiss the action as in case of nonsuit and to the entry of judgment as it appears in the record. We have examined the record with care and are of opinion that these exceptions should be overruled. There was no exception to the instructions given the jury. We find

No error.