M. M. MORRISON, J. G. MORRISON, AND LELIA A. MORRISON, v. SOUTHERN STATES FINANCE COMPANY, INC., ET AL.

(Filed 12 June, 1929.)

**1. Evidence I b—Introduction in evidence of books of corporation not error under the facts of this case.**

Where a finance company is sued for fraudulent representations of its financial condition in procuring a sale of its shares of stock to the plaintiff, exceptions to the introduction of some of its books relative to the inquiry and used by both parties in the examination and cross-examination of the secretary of the company as a witness will not be sustained as error.

**2. Evidence F e—Introduction in evidence of pleadings as admissions of parties not error in this case.**

Under the facts of this case: *Held,* exceptions to the introduction in evidence of the pleadings as admissions of the parties are untenable under the decision of *Weston v. Typewriter Co.,* 183 N. C., 1, and other cases cited.

**3. Evidence I c—Admission of insufficiently identified letters in evidence is error.**

Upon the issue of fraudulent representations inducing the plaintiff to subscribe for stock in a corporation, letters of general circularization, purporting to have been signed by the corporation's president and received by the plaintiff, having a material relation to the determination of the issue, are improperly introduced in evidence upon the trial when not further identified as issued by the company, but where the subject-matter of the letters is proved by competent evidence the error is harmless.

4. **Evidence H a—Where a conspiracy is not alleged conversation of codefendants is erroneously admitted in evidence.**

Where a conspiracy to defraud the plaintiff is not alleged in a suit against the corporation and certain of its officers for fraudulently inducing the plaintiff to subscribe for stock in the corporation, conversations of some of the defendants in the absence of the others are erroneously admitted in evidence as to them.

5. **Corporations D h—In action against corporation for fraudulently inducing purchase of stock plaintiff must show that corporation was involved.**

Where a corporation and some of its officers are sued to cancel certain shares of stock issued to the · plaintiffs for fraudulent representations alleged as an inducement to purchase them, there must be sufficient evidence that the corporation was implicated in the transaction to hold it liable thereon.

CIVIL ACTION, before *Oglesby, J.,* at October Term, 1928, of CABARRUS.

The plaintiffs alleged that the defendant, Southern Finance Company, was a foreign corporation engaged in business in Charlotte, North Carolina, and that the individual defendants were officers and directors of said corporation, Walker being president; Ashcraft, vice-president; Rhyne, vice-president; and Cherry, secretary and treasurer, and that said defendant, through its active officials, placed upon the market a large quantity of preferred and common stock for the purpose of sale, and employed agents and salesmen to solicit and sell said stock, and that one of said salesmen was J. A. Flournoy.

Plaintiff further alleged that in January and February, 1924, said Flournoy sold to plaintiffs, who were partners, two hundred shares of said stock, and thereafter on 14 April, 1924, sold to said plaintiffs one hundred and fifty shares of said stock at the price of ten dollars per share. It was further alleged that in making said sale the said agent, Flournoy, made false and fraudulent representations, which the plaintiffs relied upon, with respect to the financial condition of the Southern States Finance Company.

A nonsuit was taken as to the plaintiff, Lelia A. Morrison, leaving in controversy the purchase of one hundred and ninety shares for $1,900 in January, 1924, and one hundred and fifty shares for $1,500 in April, 1924.

Nineteen issues were submitted to the jury.

The jury, by its verdict, found that false representations had been made by said salesman, and that the individual defendants participated therein and ratified such representations. However, in response to the eleventh issue the jury found that the plaintiffs did not purchase the one hundred and fifty shares on 1 April, 1924, from the defendant, Southern Finance Company.

From judgment rendered both parties appealed.

*Caldwell & Caldwell, R. Lee Wright and H. B. Adams for plaintiffs. Hartsell & Hartsell and Armfield, Sherrin & Barnhardt for defendants.*

BROGDEN, J. The defendants assigned one hundred and sixty-two errors, and the plaintiffs seventy-three.

As the late *Justice Allen* once remarked: It is highly improbable that a trial judge could make two hundred and thirty-five errors in one game.

One group of errors deals with the identification of the corporate records. These exceptions are without substantial merit, for the reason that Mr. Cherry, the secretary and treasurer of the corporation, was offered as a witness by the defendants, and he identified the books and records, although he indicated that certain of the records were not present at the trial. However, the records were used by both parties in examining and cross-examining witnesses.

Another group of exceptions is addressed to admissions offered from the pleadings. These exceptions cannot be sustained. *Weston v. Type-writer Co.,* 183 N. C., 1, 110 S. E., 581; *Sears-Roebuck & Co. v. Banking Co.,* 191 N. C., 500, 132 S. E., 468; *Malcolm v. Cotton Mills,* 191 N. C., 727, 133 S. E., 7.

Another group of exceptions involves the introduction in evidence of certain circulars and letters addressed to the stockholders of the Southern States Finance Company and to individual stockholders, purporting to be signed by the president of the Southern States Finance Company. One of the plaintiffs testified, with respect to the letters, as follows: "My wife, brother and I received those letters through the mail. I can't testify the date we got it." Plaintiffs introduced ten letters, marked Exhibit T. Individual defendants objected. The objection was overruled, and the letters, without further proof of identification, were admitted in evidence. These letters and circulars contained representations to the effect that the company was in good financial condition and free from debt, and therefore had a material bearing upon the allegations of the complaint. The admission of the letters was error. *Trust Co. v. Store Co.,* 193 N. C., 122, 136 S. E., 289; *Bank v. Brickhouse,* 193 N. C., 231, 136 S. E., 636.

There is no allegation in the complaint charging a conspiracy, and no issue of conspiracy was submitted to the jury.

Certain exceptions were taken by the defendants to the admission of conversations between plaintiffs and others and certain of the individual defendants, when other individual defendants were not present. This evidence was incompetent as against the individual defendants not present at such conversations. *Edwards v. Finance Co.,* 196 N. C., 462.

There are other exceptions to the charge given by the trial judge to the jury, but these appear to be without merit.

There are other exceptions as to the competency of evidence warranting serious consideration, but as a new trial must be awarded to the defendants for the errors specified, we deem it inadvisable to discuss them at this time.

## PLAINTIFFS' APPEAL.

The jury found in respect to the eleventh issue that the plaintiffs did not buy one hundred and fifty shares of stock in April, 1924, from the Southern States Finance Company. The evidence discloses that L. W. Tucker, Martin Tucker and Mrs. L. C. Tucker owned a large block of stock of the defendant Southern States Finance Company. They brought suit against the company and this stock was delivered by them to Mr. Hulin Davis, their attorney.

The evidence further disclosed that J. H. Flournoy came to the .office of Mr. Davis and bought five hundred shares of this stock, paying therefor $2.50 a share. The purchase price was paid in New York Exchange or by cashier's check. Thereafter Flournoy took the stock to his attorney, Mr. Paul C. Whitlock, of Charlotte, who made demand on the Southern States Finance Company to transfer the stock to the plaintiffs upon the books of the corporation. This was done. A carbon copy of a letter from Mr. Paul C. Whitlock to the Southern States Finance Company was admitted in evidence over the objection of plaintiffs. This was error, as there was no notice to produce the original. *Chair Co. v. Crawford,* 193 N. C., 531, 137 S. E., 577.

However, in the cross-examination of Mr. Whitlock he testified that he had the stock transferred in person, but preferred that there be a record of the demand, and for that reason sent the letter offered in evidence. Thus the introduction of the letter was manifestly harmless.

There is no evidence that Flournoy bought the Tucker stock as agent of the Southern States Finance Company or paid for it with funds belonging to said company, or that said company ever had any information with respect thereto.

Upon this state of the record the judge would have been justified in giving a peremptory instruction upon this aspect of the case.

We hold therefore that the defendants are entitled to a new trial upon their appeal and that the judgment with respect to the appeal of the plaintiffs is

Affirmed.