THURMOND CHATHAM, E. L. DAVIS, HOME REAL ESTATE LOAN & INSURANCE COMPANY, AND C. T. LEINBACH v. C. C. DISHER CHEVROLET COMPANY, J. D. ALLEN, JR., A. C. GLENN, SR., DISHER CHEVROLET COMPANY, TRADING AS C. C. DISHER MOTORS, INC., AND C. C. DISHER MOTORS, INC.

(Filed 1 February, 1939.)

**Evidence § 37—**

In an action between lessor and the alleged assignee of lessee to recover on the written assignment of the lease, the admission of parol evidence as to the substance of the alleged written assignment of the lease, without the laying of proper foundation for the admission of the secondary evidence, is error.

APPEAL by defendant C. C. Disher Chevrolet Company from *Hill*, *Special Judge*, at May Term, 1938, of FORSYTH.

Civil action for recovery of rentals under lease allegedly assumed by appealing defendant.

The plaintiffs, being the owners of certain property located at 143-145 North Main Street in Winston-Salem, N. C., on 21 February, 1936, leased the same to Glenn Allen Motors, Inc., J. D. Allen, Jr., and A. C. Glenn, Sr., for a term ending 1 November, 1937, at fixed monthly rental.

While the lease was in effect Glenn Allen Motors, Inc., was placed in receivership, and Tom Gough was appointed its receiver.

Plaintiffs allege that thereafter the lease was assigned by the receiver to Disher Chevrolet Company and that at the time of the assignment it assumed and agreed, beginning 1 October, 1936, to pay for the use and occupancy of the premises the rent reserved in accordance with the terms of said lease; that Disher Chevrolet Company, by virtue of the assignment, took possession of the premises and paid the rent while occupying the same, but failed to pay for the full term; and that by reason thereof it is indebted to plaintiff in net sum of $925.

Defendant C. C. Disher Chevrolet Company denies the material allegations of plaintiffs, and avers that it rented the premises from month to month at a stipulated monthly rental and occupied the same from 1 October, 1936, to 31 March, 1937, paid the rental in accordance with such agreement, and surrendered the premises on the latter date.

At the trial below the parties introduced evidence tending to show their respective contentions. There was verdict for plaintiff. From judgment thereon, defendant C. C. Disher Chevrolet Company appeals to the Supreme Court, and assigns error.

*Ratcliff, Hudson & Ferrell for plaintiffs, appellees.*
*Hastings & Booe and Peyton B. Abbott for defendant, appellant.*

WINBORNE, J. On the trial below plaintiffs were permitted, over objection by defendant, to introduce oral testimony as to the substance of the alleged written assignment of the lease in question, without as preliminary thereto laying sufficient and proper foundation for admission of secondary evidence. Exception by appellant to this ruling is well taken. The admission of the oral testimony is prejudicial error. *Ledford v. Emerson,* 138 N. C., 502, 51 S. E., 42; *Mahoney v. Osborne,* 189 N. C., 445, 127 S. E., 533; *Chair Co. v. Crawford,* 193 N. C., 531, 137 S. E., 577.

"The rule excluding parol evidence as to the contents of a written instrument applies only in actions between parties to the writing and when its enforcement is the substantive cause of action," *Brown, J.,* in *Ledford v. Emerson, supra.*

In the instant case the action is between the lessors and the alleged assignee of lessee, and the question of the assignment and its contents is directly at issue.

Other assignments of error need not be considered, as the matters to which they relate may not recur on another trial.

New trial.