BERTA GULBRANSON HUDSON v. GERTIE C. UNDERWOOD AND WILLIAM UNDERWOOD. HER HUSBAND, AND ROLAND CASHWELL AND NORA CASHWELL, HIS WIFE.

(Filed 29 September, 1948.)

**1. Deeds § 12: Boundaries § 2—**

Where there is repugnancy between a general and a particular description in a deed, the particular description must prevail, but this rule has no application where the particular and the general descriptions are not an attempt to describe the same lands but relate to different parcels, in which instance there is no repugnancy and the deed will convey both tracts.

**2. Same—**

Grantor was the devisee of the remainder of two parcels of land. The deed executed by grantor to the life tenant described one of the lots by particular description and by subsequent paragraph "also . . . together with any and all other property, real, personal or mixed of which the said" testator died seized. *Held:* The description is sufficient to convey grantor's remainder in both tracts of land.

**3. Deeds § 11—**

The main purpose of rules of construction is to find from the four corners of the instrument the intention of the grantor.

DEFENDANTS' appeal from *Williams, J.,* June Term, 1948, HALIFAX Superior Court.

This action is brought to remove the claim of defendants to the land involved in the controversy as constituting a cloud on plaintiff's title thereto. The question involved is the sufficiency of the complaint to survive defendants' demurrer on the ground that it does not state a cause of action. The demurrer is grounded on the contention that upon its face the deed under which plaintiff claims does not convey the land in question because of a defect in the description.

Succinctly stated the complaint presents the following factual situation:

M. Gulbranson died seized of certain real estate in Halifax County, leaving a will devising and bequeathing to his wife a life estate therein with remainder to Mrs. A. B. Cashwell, otherwise known as Eska Mae Cashwell. M. Gulbranson owned a parcel of land in Hornertown, particularly described in the questioned deed, and a lot in the City of Roanoke Rapids, described in the complaint, which is the land in controversy.

Mrs. A. B. (Eska Mae) Cashwell, owner of the remainder in the estate of M. Gulbranson, her husband joining, made a deed to the life tenant, now Berta Gulbranson Hudson, the plaintiff, in which the property conveyed is described as follows:

"All that certain lot or parcel of land in Hornertown, Roanoke Rapids Township, Halifax County, North Carolina, shown as Lot No. 14 in Block 14 on map of record in book 226, at pages 536 and 537, Halifax Public Registry.

"Also, one (1) 1928 Ford Coupe of which the said M. Gulbranson died seized and possessed, together with any and all other property, real, personal or mixed, of which the said M. Gulbranson died seized and possessed, or in which he had or owned any interest.

"The remainder interest in and to the above described property being devised and bequeathed unto the said Mrs. A. B. Cashwell by

will of M. Gulbranson, of record in the office of the Clerk of the Superior Court for Halifax County, North Carolina."

Mrs. Cashwell died intestate, leaving five children surviving her, including the defendants, Gertie Underwood, Roland Cashwell and Nora Cashwell, who claim an interest in the disputed land by inheritance.

The demurrer to the complaint was overruled and defendants excepted and appealed.

*Allsbrook & Benton and George C. Green—By: Julian R. Allsbrook—for plaintiff, appellee.*

*Wilson & Holleman and J. C. Woodall for defendants, appellants.*

SEAWELL, J.   The only question presented on review is whether the title to lot 923 passed to the plaintiff, Berta Gulbranson, now Hudson, under the description and pertinent references in the deed.

The appellants particularly attack the description reading "together with any and all other property, real, personal and mixed, of which the said M. Gulbranson died seized and possessed, or in which he had owned any interest," the clause under which plaintiff claims title to Lot 923. They find in it a conflict between a "general description" and a "particular description" in which the latter must prevail; citing *Carter v. White.* 101 N. C., 30, 7 S. E., 473; *Cox v. McGowan,* 116 N. C., 131, 21 S. E., 108; *Modlin v. R. R.,* 145 N. C., 218, 230, 58 S. E., 1075; *Potter v. Bonner,* 174 N. C., 20, 93 S. E., 370; *Lewis v. Furr,* 228 N. C., 89; and quoting *Midgett v. Twiford,* 120 N. C., 4, 26 S. E., 626; *Lewis v. Furr, supra.*

Abstractly speaking, the validity and the soundness of the rule cited by appellants might be supported by a generous array of authority, both in text and opinion, but the propriety of its application to the facts before us is the marrow of the case.   The rule cannot be invoked where it is manifest that the particular or specific description and the general description were not an attempt to describe the same lands, but related to different parcels.

There cannot be any conflict or repugnance between a general description and a particular description unless they refer in whole or in part to the same land; 26 C. J. S., "Deeds," p. 364, 16 Am. Jur., "Deeds," s. 288.

There is no legal objection, of course, to the conveyance of one parcel of land by specific description and another by general description in the same deed; and unfortunately for the position taken by the appealing defendants the challenged description opens with an "also," indicating something altogether different, and refers to "any and all other

property, real, personal and mixed . . ." This is sufficient to make a clean break with any logical or legal connection with the rule.

The reference to the Gulbranson will follows the general description—not the particular, and does not seem to be a mere statement of a source of title. The reference to the "remainder" interest as an aid to the description cannot be altogether ignored. The deed indicates a knowledge on the part of the grantor that by virtue of the will of Gulbranson she owned lands other than the lot conveyed by metes and bounds; and the description by which she conveyed it is as definite as the description by which she held it, and both are capable of easy ascertainment; *Duckett v. Lyda,* 223 N. C., 356, 26 S. E. (2d), 918.

The question of the sufficiency of the general description to convey the property is not assailed except in the respect mentioned, and does not call for discussion.

After all the main purpose of rules of construction is to find from its four corners the intention of the grantor in the conveyance; *Lofton v. Barber,* 226 N. C., 481, 482, 39 S. E. (2d), 263; *Krites v. Plott,* 222 N. C., 679, 24 S. E. (2d), 531; *Triplett v. Williams,* 149 N. C., 394, 63 S. E., 79. The phraseology of the descriptive clauses, in their ordinary meaning, includes the lot conveyed by metes and bounds and "also" the property in controversy; and we are constrained to hold that to be the intent of the grantor.

The demurrer was properly overruled.

The judgment is

Affirmed.