HAZEL M. HARDEN, PLAINTIFF v. ELLA MARSHALL, DEFENDANT v. ALAMANCE COUNTY AND JOHN STOCKARD, SHERIFF OF ALAMANCE COUNTY, ADDITIONAL DEFENDANTS

No. 8315DC950

(Filed 3 July 1984)

1. Taxation § 45— tax foreclosure proceeding—land conveyed by sheriff's deed

    Where the orders, notices and sheriff's deed in a tax foreclosure proceeding described a vacant lot by metes and bounds and by reference to a recorded map which did not include an adjoining lot containing a house, only the vacant lot was conveyed by the sheriff's deed notwithstanding the notice of sale also referred to a tax map which contained a description of both lots.

2. Taxation § 45— tax foreclosure proceeding—test for determining land conveyed

    The test for determining whether a vacant lot and a lot containing a house or only the vacant lot were conveyed in a tax foreclosure proceeding was whether the papers filed in the proceeding conveyed the lot containing the house and not prejudice to the delinquent taxpayer by the description used.

3. Taxation § 45— tax foreclosure proceeding—no immaterial irregularity

    The sale of a sufficiently described lot in a tax foreclosure proceeding is not an immaterial irregularity which may be corrected under G.S. 105-394 by holding that another lot was also sold under the proceeding.

4. Taxation § 45— tax foreclosure proceeding—unambiguous description in sheriff's deed—reference to another deed

    Where a sheriff's deed in a tax foreclosure proceeding contained an unambiguous description of a vacant lot, such description could not be changed by

reference to another deed which also conveyed an adjoining lot containing a house.

**5. Taxation § 45— tax foreclosure proceeding—no estoppel to assert ownership of land purportedly conveyed**

   Defendant taxpayer was not estopped to assert ownership of a house and lot purportedly sold to plaintiff and her husband in a tax foreclosure proceeding, although she may have thought the house and lot had been conveyed in the proceeding, where the orders, notices and sheriff's deed actually conveyed only an adjoining vacant lot, and plaintiff and her husband were not induced to do anything by defendant's actions.

APPEAL by defendant Ella Marshall from *Allen (J. B.), Judge.* Judgment entered 18 May 1983 in District Court, ALAMANCE County. Heard in the Court of Appeals 5 June 1984.

This action grew from a foreclosure for taxes. Ella Marshall owned two adjoining lots which were listed for taxes as one lot. The deeds to Ella Marshall which conveyed the two lots to her were recorded on 8 June 1956, one of the deeds being recorded in Deed Book 244, pages 439-440 and the other being recorded in Deed Book 244, pages 440-442. The two lots were shown on the tax maps of Alamance County from 1948 until the time this action was tried as Tax Map 160, Block 650, Lot No. 112. A house was constructed on one of the two lots.

A judgment was docketed against Ella Marshall on 19 February 1973 for Alamance County ad valorem taxes for the years 1967 to 1972 in the amount of $174.93 plus costs of $2.00. The Clerk of Superior Court on 5 October 1973 ordered the Sheriff to sell property of Ella Marshall to satisfy the judgment against her. The order of execution described the lot to be sold by a metes and bounds description and also as Lot No. 86 on a map recorded in Plat Book 3 at page 95 in the Office of the Register of Deeds. At the end of the description, a reference was made to "Alamance County Tax Map 160-650-112." The lot described by metes and bounds and by reference to a map in the Office of the Register of Deeds of Alamance County is not the lot on which the house was built but is the vacant adjoining lot. The Sheriff advertised the sale using the description that was in the order of execution. Thomas R. Harden, Jr. and his wife, Hazel Harden, bought the property at the execution sale for $1,400.00. The Sheriff on 19 November 1983 delivered a deed to the Hardens in which the property was described as it had been described in the order of

execution. There was no reference to the tax map but the deed said: "For more particular description, see deed from Clarence Ross Executor to Ella Marshall, recorded in Deed Book 244, Page 440, in the Office of the Register of Deeds in Alamance County." This sale was confirmed.

The defendant continued to occupy the house and paid rent to Mr. and Mrs. Harden until Mr. Harden's death, and to Mrs. Harden after that time. Mr. and Mrs. Harden made improvements on the house. The plaintiff paid the taxes, maintenance costs, and insurance premiums on the house from 1973 until this action was commenced. The defendant stopped paying rent after August 1982 and the plaintiff filed an action seeking summary ejectment. The defendant filed an answer in which she denied the plaintiff's title and the action was transferred to district court. The Sheriff and Alamance County were then made parties. During the pendency of the action, and on 7 October 1982, the Sheriff delivered to plaintiff what was denominated as a Deed of Correction which was recorded on that date. This deed recited that the Sheriff had intended to convey both lots by his deed dated 19 November 1973. The Deed of Correction purported to correct the description in the Sheriff's previous deed and convey to the plaintiff the lot on which the house was constructed as well as the adjoining lot.

The case was tried by the court without a jury. The court found as a fact that the notices of sale in the tax foreclosure referred to the Tax Map 160-650-112 which description included the lot upon which the house was located as well as the adjoining vacant lot. It found further that Mrs. Marshall, all officials of Alamance County, the Tax Collector, and the Sheriff knew or should have known that the property to be sold included the lot upon which the house was located as well as the adjoining vacant lot. It also found that the Sheriff's deed was intended to convey both lots but by error the description of the lot on which the house was located was omitted and a "corrective deed" had been prepared pursuant to G.S. 105-394 and delivered to the plaintiff. The court concluded that the plaintiff is the owner of both lots and ordered that the plaintiff have possession of both lots. The defendant appealed.

*Grady Joseph Wheeler, Jr. for plaintiff appellee.*

*North State Legal Services, Inc., by Philip A. Lehman, for defendant appellant.*

WEBB, Judge.

[1]   The first question posed by this appeal is whether the lot on which the house is constructed was sold by the Sheriff on 19 November 1973. We hold that it was not. The orders, notices, and Sheriff's deed described a lot by metes and bounds and by reference to a map recorded in the Register of Deeds' Office which does not include the lot upon which the house is constructed. If there was not a sufficient description in the proceedings, we might look to the tax map for help but this is not the case. The description is sufficient and it does not include the lot on which the house is located. The plaintiff, relying on G.S. 105-375(b), argues that the statute requires that when the Tax Collector files a certificate for back taxes with the Clerk of Superior Court that it contain a "description of the property sufficient to permit its identification by parol testimony." She says this permits parol testimony to permit identification of the property. If the description were ambiguous, parol testimony might be appropriate. We do not believe the description is ambiguous.

[2]   The plaintiff also argues that the defendant was not prejudiced by the description used. She contends that the defendant has not paid any taxes on the property since 1967, that she was told by the Tax Collector that her house and lot would be sold, and it brought a price within the range of its appraised value. We do not believe prejudice to the defendant is the test. The test is whether the papers filed in the proceedings conveyed the lot on which the house was constructed and we hold they do not.

[3]   The plaintiff contends further that G.S. 105-394 is applicable to this case which provides in part:

> "Immaterial irregularities in the listing, appraisal, or assessment of property for taxation or in the levy or collection of the property tax or in any other proceeding or requirement of this Subchapter shall not invalidate the tax imposed upon any property or any process of listing, ap-

praisal, assessment, levy, collection, or any other proceeding under this Subchapter:

The following are examples of immaterial irregularities:

. . . .

(5) Any defect in the description upon any abstract, tax receipt, tax record, notice, advertisement, or other document, of real or personal property, if the description be sufficient to enable the tax collector or any person interested to determine what property is meant by the description. (In such cases the tax supervisor or tax collector may correct the description on the documents bearing the defective description, and the correct description shall be used in any documents later issued in tax foreclosure proceedings authorized by this Subchapter.)"

The plaintiff contends that under this section the description used was an immaterial irregularity which may be corrected. We do not believe the sale of a sufficiently described lot in a foreclosure proceeding is an immaterial irregularity which may be corrected by holding another lot was sold under the proceedings.

The plaintiff relies on *Kaperonis v. Highway Commission*, 260 N.C. 587, 133 S.E. 2d 464 (1963) for the proposition that a map or plat referred to in a deed becomes a part of the deed whether or not the map is registered. That case dealt with a deed which referred to a map of the Highway Commission and said " '(s)o much of said property as lies within the bounds of the right of way of Wilkinson Boulevard is subject thereto.' " *Id.* at 598, 133 S.E. 2d at 465. The Court said this was notice to the grantees that the Highway Commission claimed the land as shown on the map as a right-of-way. We do not believe this case is precedent for holding that in proceedings which describe a lot by metes and bounds and by reference to a recorded plat that a reference to a tax map changes the description. The plaintiff also relies on *Crews v. Crews*, 210 N.C. 217, 186 S.E. 156 (1936) and *Ferguson v. Fibre Co.*, 182 N.C. 731, 110 S.E. 220 (1921). *Crews* deals with the reformation of a deed of trust and a deed on the ground of a mistake by the draftsman. We do not believe this has any application to a judicial proceeding. *Ferguson* deals with the interpretation of a

description in a deed. There is no reference in that case to anything outside the deed.

[4]   The plaintiff argues that the Sheriff's deed of 19 November 1973 conveyed both lots because it referred to a deed recorded in Book 244, page 440 which deed conveyed the lot upon which the house is located. We have held that the Sheriff was ordered to convey the vacant lot. He could not under that order convey a separate lot. Nevertheless, we do not believe the Sheriff's deed purported to convey the lot upon which the house is located. It contains a description which without ambiguity describes the vacant lot. This description cannot be changed by reference to another deed. We do not believe any of the cases cited by the plaintiff, *Carroll v. Industries, Inc.*, 37 N.C. App. 10, 245 S.E. 2d 204, *aff'd*, 296 N.C. 205, 250 S.E. 2d 60 (1978); *Lee v. McDonald*, 230 N.C. 517, 53 S.E. 2d 845 (1949); *Hudson v. Underwood*, 229 N.C. 273, 49 S.E. 2d 508 (1948); *Chatham v. Chevrolet Co.*, 215 N.C. 88, 1 S.E. 2d 117 (1939); *Mitchell v. Heckstall*, 194 N.C. 269, 139 S.E. 438 (1927); *Berry v. Cedar Works*, 184 N.C. 187, 113 S.E. 772 (1922); or *Gudger v. White*, 141 N.C. 507, 54 S.E. 386 (1906), are inconsistent with this principle.

The plaintiff pleads the statute of limitations and contends the defendant is barred from contesting the tax sale. The defendant is not contesting the tax sale. Her contention is that the tax sale did not convey the lot in question. We hold she is correct in this contention.

The plaintiff next contends that the Sheriff's Deed of Correction of 7 October 1982 conveyed the title to the lot upon which a house is located. We have held that the Sheriff was ordered to convey the vacant lot. He had no power to convey the lot with the house upon it.

[5]   Lastly, the plaintiff contends the defendant is estopped to assert her ownership of the house and lot. She says that the defendant knew her land was being sold and even told the Tax Collector to sell the land. Relying on *Sherrill v. Sherrill*, 73 N.C. 8 (1875), she says that an owner of property who stands by and sees a third person sell it under claim of title without asserting her own title or giving the purchaser any notice thereof, is estopped against such purchaser from afterwards asserting title. In *Sherrill* the person whose heirs were estopped induced the plaintiff to

take a tract of land by deed from a third party. In this case the defendant did nothing to mislead the purchasers. We do not believe the plaintiff or her husband were induced to do anything by the actions of the defendant. Estoppel does not apply.

We hold it was error not to enter judgment for the defendant. The decision of this case should not affect any claim the plaintiff may have for unjust enrichment.

Reversed and remanded.

Judges JOHNSON and PHILLIPS concur.